## COMMONWEALTH *vs.* ABRAHAM A. WATSON.

The owner of a building in Boston, part of which he has let to one tenant and the rest to another, is not liable for neglect to remove snow from the adjoining sidewalk, under a city ordinance which provides that it shall be removed by the " tenant, occupant, and, in case there shall be no tenant, the owner; " although he occupies rooms in the building as a boarder with one of his tenants.

COMPLAINT against the defendant as owner of a building on the corner of Beach Street and Harrison Avenue in Boston, for neglecting to remove snow from the adjoining sidewalk, on February 22, 1867, and violating thereby an ordinance of the city which provides that the " tenant, occupant, and, in case there shall be no tenant, the owner or any person having the care of any building or lot of land bordering on any street," shall within a certain time remove snow from the sidewalk in front of the lot or building.

At the trial in the superior court, before *Ames*, J., on appeal from the municipal court, facts were agreed as follows:

" A part of the building, on the ground floor, and fronting both on said street and said avenue, was under lease to one tenant, who occupied it for a store.   The remainder of the build-

ing, including the back yard, was under lease to another tenant, who occupied it for a boarding-house. The front entrance to the part used for a boarding-house was on Harrison Avenue, and the back yard was on Beach Street. There was no connection between the tenants, nor was there any connection between the store and the part used for a boarding-house, except that they were within the same walls.

" The said Watson, the owner, was a boarder with the tenant who kept said boarding-house, but had not reserved from the lease the rooms he occupied, and in no way occupied any part of said building except as a boarder. He was a physician, and had his office in a room in the same building, which room he hired from his tenant."

The defendant asked the judge to instruct the jury that these facts constituted a good defence. But the judge declined so to instruct them, and ruled, *pro formâ*, that on the foregoing facts they had a right to find a verdict against the defendant; under which ruling they returned a verdict of guilty; and the defend ant alleged exceptions.

*J. F. Barrett*, for the defendant.

*J. P. Healy & C. H. Hill*, for the Commonwealth.

WELLS, J. For failure to remove from the sidewalk snow that has fallen upon it naturally, there is no liability, upon either owner, tenant or occupant, unless imposed by the ordinance of the city. *Kirby* v. *Boylston Market Association*, 14 Gray, 249.

The ordinance upon which this prosecution is founded im poses the duty and the penalty upon the owner only " in case there shall be no tenant." The defendant was the owner of the premises complained of; but there were two tenants, each occupying a separate part of the building, and each having apparently as separate and exclusive control of their respective frontage. The defendant had no occupation or care of the building which would make him liable otherwise than as owner; and there is no allegation against him except as owner.

The argument for the prosecution seems to be this, namely, that it could not be the intention of the ordinance to relieve the owner of responsibility except by imposing it upon the tenant

or occupant; that the duty is entire for the whole building, and there is but one penalty for its non-performance; that as there is no provision for a subdivision, either of the duty or the penalty, to the separate tenants where there are several, " the tenant or occupant," upon whom the entire responsibility is imposed, must mean the tenant or occupant of the whole premises, or, at least, one who is the sole tenant or occupant; and therefore that the imposition of the duty upon the owner, " in case there shall be no tenant," is operative whenever there is no such sole tenant, or tenant of the whole. But the question is not whether the owner is relieved. There can be no responsibility upon him, unless imposed by this ordinance. The common law liability for an injury occasioned by the defective condition of a building, which endangers public travel and thus becomes a nuisance, regards occupation, and not ownership. The owner is liable if he retains control, or if, by his contract with the tenant, he undertakes the responsibility. Primarily the liability is upon the tenant, if the defect is within his exclusive occupation; and upon each tenant to the extent of his occupation and control. *Kirby* v. *Boylston Market Association*, 14 Gray, 249. *Milford* v. *Holbrook*, 9 Allen, 17.

It may be that there is no mode of dividing the responsibility under this ordinance. That circumstance affords no stronger ground of inference that it was intended to throw the whole burden upon the owner, who is not an occupant and has no present control of the premises, than that it was intended to make any and each tenant or occupant responsible for the whole, as towards the public. If it is difficult to apply the term "the tenant or occupant" to one of several, it is still more difficult to hold, in construing a penal ordinance, that there is " no tenant" when there are several. It is not necessary that a construction should be adopted which will in all cases fix the liability upon some one. The party charged must be brought within the terms of the ordinance, or he cannot be held.

In the opinion of the court, this was not a case in which there was " no tenant," and therefore the owner cannot be held.

*Exceptions sustained.*