COMMONWEALTH *vs.* PATRICK COGAN.

A complaint for keeping and maintaining a tenement for the illegal keeping and sale of intoxicating liquors may be supported by proof of keeping and maintaining for such a purpose a shop consisting of one room and not forming part of a dwelling-house.

At the trial of a complaint for keeping and maintaining a tenement as a liquor nuisance, the judge instructed the jury that evidence that the tenement was fitted up with the paraphernalia of the liquor traffic might be considered, but, inasmuch as the sale of malt liquors was permitted, the evidence, so far as it tended to show a sale of malt liquors only, should be disregarded; and that evidence that a tenement was fitted up for the traffic in liquors was of less significance now than formerly, when no sales of malt liquors were permitted. *Held,* that the defendant had no ground, of exception.

A complaint for keeping and maintaining a liquor nuisance may be supported by proof that the nuisance was kept and maintained on a single occasion.

COMPLAINT, in Suffolk, under the Gen. Sts. *c.* 87, §§ 6, 7, for keeping and maintaining a tenement on April 6, 1870, and on divers other days between that day and October 6, 1870, for the illegal keeping and sale of intoxicating liquors.

At the trial in the superior court, before *Devens,* J., on appeal from the municipal court of the city of Boston, there was evidence that the defendant kept and maintained a shop on India Wharf in Boston ; that the shop was a room fronting on the wharf and extending back to Export Street, was fitted up and

equipped for the liquor traffic, and was used by the defendant, within the time specified in the complaint, for the purposes alleged ; and that the shop was not a dwelling-house, nor part of one. The defendant requested the judge to instruct the jury " that the shop described was not a tenement within the meaning of the statute," but the judge refused the request, and instructed the jury to the contrary.

The defendant also requested the judge to instruct the jury " that they were not authorized to infer the criminal use of the premises from evidence that the shop had the paraphernalia of the liquor traffic, if they should find that such paraphernalia were adapted to the sale of the permitted, as well as to the sale of the prohibited liquors ; that, if the evidence on that point was consistent with the innocence of the accused, however consistent it might also be with the theory of guilt, they were bound to hold him innocent as to such evidence." The judge refused so to rule, and instructed the jury " that if the evidence was consistent with the innocence of the defendant he could not be convicted ; that evidence that the shop was fitted up with the paraphernalia of the liquor traffic might be considered, but, inasmuch as the sale of malt liquors was permitted, the evidence, so far as it tended to show that only, should be disregarded ; and that the evidence that a shop was fitted up for the traffic in liquors was of less significance than formerly, when no sales of malt liquors were permitted."

The defendant further requested the judge to instruct the jury " that, as to the prohibited use of the premises, the Commonwealth must show that the use was a common or habitual use during some portion of the time alleged ; " but the judge refused so to rule, and instructed them " that the Commonwealth must prove that at some portion of the time named in the complaint the premises were kept and used by the defendant for the sale of intoxicating liquors ; that such use need not be the only use to which the premises were put by him ; and that it need not be shown that he so kept and used them during the whole time named in the complaint."

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*P. R. Guiney*, (*J. D. Fallon* with him,) for the defendant.

*J. C. Davis*, Assistant Attorney General, ( *C. Allen*, Attorney General, with him,) for the Commonwealth.

BY THE COURT. 1. The shop described was a tenement, within the meaning of the statute. *Commonwealth* v. *Godley*, 11 Gray 454. *Commonwealth* v. *McCaughey*, 9 Gray, 296.

2. Things adapted to the sale of prohibited liquors may be also adapted to many innocent uses. But their existence in this shop might be proved to the jury, and the instructions given to them as to the effect of such evidence were correct. *Commonwealth* v. *Higgins*, 16 Gray, 19.

3. This offence may be committed by a violation of the statute on a single occasion. *Commonwealth* v. *Gallagher*, 1 Allen, 592. *Commonwealth* v. *Higgins*, 16 Gray, 19.

*Exceptions overruled.*