### COMMONWEALTH *vs.* PATRICK BOSSIDY.

An indictment on the Gen. Sts. c. 87, § 9, charged that the defendant was the owner of a certain "tenement and building," "being the first tenement and building" south of a certain church edifice; that he let "said tenement and building;" that the tenant used "said tenement and building" for the illegal sale of intoxicating liquors; and that the defendant, having due notice, omitted to take measures to eject the tenant from "said tenement and building." *Held*, that the indictment charged the letting of a building, and that there was a variance between the indictment and evidence which proved the letting of a single apartment in the building, the other apartments being occupied by other tenants.

INDICTMENT on Gen. Sts. c. 87, § 9, against the owner of a building for omitting, after due notice, to take all reasonable

measures to eject therefrom a tenant who used the building for the illegal keeping and sale of intoxicating liquors.

At the trial the district attorney entered a *nolle prosequi* as to the first and second counts, and after a verdict of guilty upon the third count, the case was by consent of parties reported to this court by *Pitman*, J., for its decision upon the question whether there was a variance between the indictment and the proof.

*M. Wilcox*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

MORTON, J.   The third count of the indictment alleges that the defendant was the owner of " a certain tenement and building situate in said Lee on the easterly side of Main Street so called, and situated and being the first tenement and building then and there south of the Catholic church edifice;" that he let "said tenement and building" to John McCabe; that the said McCabe used " said tenement and building " for the illegal sale of intoxicating liquor, and that the defendant, after due notice of such use, " did omit to take all reasonable measures to eject from said tenement and building the said McCabe as soon as it could lawfully be done."   The words " building " and " tenement," in the eighty-seventh chapter of the General Statutes, are not used to express the same idea.   A building is a tenement, but a tenement may be something different from a building.   But in this indictment it is clear that the words building and tenement are used as synonymous.   Only one object is described, and that is in most places throughout the indictment described as a " tenement and building."

The only construction which can be given to the indictment is that it charges the defendant with aiding in the maintenance of a building used for the illegal sale and illegal keeping of intoxicating liquors.

The proof that he aided in maintaining an apartment or tenement in the building, leased and held separately from the rest of the building, was a variance.   The case of *Commonwealth* v. *McCaughey*, 9 Gray, 296, is decisive of this point.   In *Commonwealth* v. *Shattuck*, 14 Gray, 23, cited by the government, it was held that an indictment for keeping a building used for the ille-

gal sale of intoxicating liquor, was sustained by proof that the defendant occupied the whole building, and used any portion of it for the illegal purpose alleged. The case at bar is different. The allegation is that the defendant let to McCabe a building; the proof was that he let a tenement in the building, the rest of the building being leased to and held by other tenants. As upon the facts of this case this is fatal to the indictment, it is not necessary to consider the other questions argued.

*New trial ordered.*