#### AT THE

### NOVEMBER SESSION 1873, IN BOSTON.

PRESENT:

Hon. HORACE GRAY, Jr., Chief Justice.
Hon. JOHN WELLS,
Hon. SETH AMES,
Hon. MARCUS MORTON,  } Justices.
Hon. WILLIAM C. ENDICOTT,

---

## COMMONWEALTH *vs.* MATTHEW F. OWENS.

Upon the trial of an indictment under Gen. Sts. c. 87, § 7, for keeping a tenement used for the illegal sale of intoxicating liquor, a witness can be asked by the prosecution as to what he had seen the defendant do upon the premises within the time alleged in the indictment; and an answer that he saw him, in response to calls for whiskey, pour something from a jug, is competent evidence; and he can be further asked as to the color of that something; and his answer that it was "reddish" is admissible; and the defendant's name being Matthew F. Owens, evidence is admissible that the tenement bore a sign with the name "Mattie F. Owens" upon it.

Under an indictment for keeping a tenement used for the illegal sale of intoxicating liquor, the proof need not be that the defendant kept it during the whole of the alleged time or that the sole business there carried on was the illegal sale of liquor; or that the premises were in other respects disorderly or a nuisance; or that the defendant had no authority to sell.

Sections 6 and 7 of c. 87 of the Gen. Sts., making it an indictable offence to keep a tenement used for the illegal sale of intoxicating liquor, are constitutional.

Indictment for keeping, April 22, 1873, and on divers other days and times during the six months next before that date, a tenement used for the illegal sale of intoxicating liquors.

At the trial in the Superior Court, before *Dewey*, J., the evidence was directed to a tenement numbered 141 on Merrimack Street. One witness had testified that the defendant had told him that he kept the place. Then a police officer named Sleeper was called by the government, and was asked, for the first question, " What, if anything, have you seen the defendant doing on the premises 141 Merrimack Street during the six months preceding the 22d day of April last ? " This question was objected to, but the court admitted it. He answered : " I have seen him there behind the counter most every night waiting on his customers ; seen parties calling for whiskey, and he take a jug and pour out into a tumbler, and the persons take and drink it." He further testified that he was in the premises on one occasion within the six months embraced in the charge, and that a party of three were then in the place, and that he heard them call for whiskey, and saw the defendant pour something out of a jug. He was then asked : " What appearance was it ? " This was objected to, and the question was withdrawn, and he was asked : " What color was it ? " This was objected to, but admitted ; and the witness answered, " Reddish."

The first question asked by the government of another of its witnesses named George, who was also a police officer, was the same first asked of the preceding witness, and it was admitted against the defendant's objection.

One Joseph Leavitt, another police officer, testified, on behalf of the government, that " previous to about two months before the expiration of the time named as the last limit in the indictment, he saw upon the premises, 141 Merrimack Street, a sign ' Mattie F. Owens.' This was all the testimony that appeared in the case from any source, or of any kind relating to said sign."

The defendant, at the close of the case, requested the court to instruct the jury as follows :

" That the government must show that during the whole of the six months embraced herein it was a liquor nuisance.

" That the government must show that the entire and exclusive business carried on in his premises was a liquor nuisance.

" That the mere sale, or keeping for sale, of prohibited intoxicating liquors is not enough to make this place a nuisance without other proof of its disorderly and illegal character.

" That under the liquor law, as it existed up to the first Tuesday of May, 1873, under an indictment framed like this, the burden is upon the government to negative legal appointment or authority in the defendant.

" That it is not competent for the Legislature, nor within legislative power and authority, to make the entire traffic in an ordinary article of merchandise, and the mere keeping of a place for such traffic and sale, a crime, provided the business is conducted in an orderly and peaceable manner, and the traffic is not accompanied with circumstances of disorder and misconduct.

" That the sign of ' Mattie F. Owens,' testified to, cannot be considered as a part of the government's case against the defendant ; that being another and different name from that ascribed to defendant as named in the indictment."

These instructions the court refused to give, but instructed the jury that if the government had satisfied them that the defendant kept the place as a nuisance during any substantial period of the time covered, it would be enough. That to prove that the defendant kept the place for a week, was as good as to prove that he kept it the whole six months. That the sign was not to be taken as a part of the evidence that the defendant kept the place, unless they were satisfied beyond a reasonable doubt that it was his sign and intended by him to mark the place as the defendant's place of business.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*G. W. Searle*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

MORTON, J. The rulings at the trial were correct. 1. The questions asked of the witnesses, Sleeper, George and Leavitt, were admissible, and so was the testimony given in reply. This testimony tended to show that the defendant kept a tenement used for the illegal sale of intoxicating liquors, as alleged in the indictment.

2. It was not necessary for the government to prove that the defendant kept the tenement during the whole of the time alleged in the indictment, nor that the exclusive business carried on there by him was selling liquor; nor, having shown that it was used for the illegal keeping or sale of intoxicating liquor, to produce other proof that it was disorderly and a nuisance. *Commonwealth* v. *McArty*, 11 Gray, 456. *Commonwealth* v. *Cogan*, 107 Mass. 212.

3. If the defendant relied upon any appointment or authority to sell intoxicating liquor, the burden of proof was upon him to show it. *Commonwealth* v. *Carpenter*, 100 Mass. 204.

4. The law under which this indictment is brought is constitutional. *Exceptions overruled.*

