COMMONWEALTH *vs.* ALVORUS HERSEY.

Middlesex.    March 21. — 23, 1887.    FIELD, C. ALLEN, & GARDNER, JJ., absent.

A complaint on the Pub. Sts. *c.* 101, §§ 6, 7, alleging that the defendant kept and maintained a common nuisance, to wit, a "tenement" in N., used for the illegal sale and illegal keeping of intoxicating liquors, is supported by proof that he maintained such a nuisance in a house consisting of a single room, a small part of which was situated in W., a town adjoining N., and the remaining part in N., in which part the nuisance was kept.

COMPLAINT on the Pub. Sts. *c.* 101, §§ 6, 7, for keeping and maintaining a certain common nuisance, to wit, a tenement in Natick, used for the illegal sale and illegal keeping of intoxicating liquors, on August 1, 1886, and on divers other days and times between that day and September 16, 1886. At the trial in the Superior Court, before *Thompson,* J., the jury returned a verdict of guilty; and the defendant alleged exceptions, which appear in the opinion.

*J. L. Eldridge & H. C. Mulligan*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

DEVENS, J.   The offence of keeping and maintaining a common nuisance is local, and the place must be proved as laid. *Commonwealth* v. *Heffron*, 102 Mass. 148.   *Commonwealth* v. *Bacon*, 108 Mass. 26.   The evidence tended to show that the defendant kept and maintained such a nuisance in a small house consisting of a single room, a small part of which was situated in Wayland, a town adjoining Natick, in which latter town it was alleged in the complaint that the nuisance was kept and maintained.   All the liquors found were in that portion of the room situated in Natick, and there was no evidence of any nuisance being kept in the other portion of the room.

The defendant requested a ruling that there was a variance between the averment as to the tenement being in Natick, and the proof, which showed that the room was partly in Wayland. This was properly refused.   "Tenement" is a word of wide meaning, and "though," says Blackstone, "in its vulgar acceptation it is only applied to houses and other buildings, yet in its original, proper, and legal sense, it signifies every thing that may be holden, provided it be of a permanent nature."   2 Bl. Com. 16.   In modern use, the word often signifies rooms let in houses, or such part of a house as is separately occupied by a single family or person, in contradistinction from the whole house. *Young* v. *Boston*, 104 Mass. 95.   Where also a part of a room is occupied by one, and a distinct portion by another, as where one occupies one side of the room, and another the opposite side, or one the front, and the other the rear, which is not infrequent in the smaller trades, the portion appropriated to either is properly called his tenement and himself its tenant, even if no partition separates their respective holdings, and a passageway between them is used in common.   In such case, it could not be questioned that one might make himself liable to a penalty for maintaining a nuisance in his own portion of the room, in which the other would be in no way involved.

In the case at bar, the defendant did indeed occupy the whole room, but he conducted the unlawful trade in one portion of it only, and used the other for no unlawful purpose.   Whether the complainant could properly have charged the nuisance as being

maintained in the whole room or not, if he chose to limit his allegation to that portion where the liquors were unlawfully kept, and has correctly described it as situate in Natick, the defendant has no ground of complaint. It was not the less his tenement because that tenement included other premises not in the town of Natick, but in Wayland, which formed a portion of the same room.                                      *Exceptions overruled.*