COMMONWEALTH *vs.* CORNELIUS BUCKLEY.

Plymouth.     October 16, 1888. — November 26, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Common Nuisance — Tenement.*

At the trial of a complaint for keeping and maintaining a common nuisance, to wit, a tenement used for the illegal keeping and sale of intoxicating liquors, there was evidence that the defendant kept as a hotel the second story of a building, in which liquors were found; that a room in the first story, which was unoccupied during a part of the time alleged, during a later portion was kept by him for the sale of such liquors, a dumb-waiter connecting it with a room in the second story, in which liquors were also sold by means of such dumb-waiter. The judge declined to rule that the lower room, because of such partial non-occupation, was a distinct tenement, and that the government must elect which tenement it would rely upon; and instructed the jury that the government must be confined to the offence of keeping one tenement; that a tenement might consist of a single room or contiguous rooms used for a common purpose in a building, and under the occupancy and control, actual or constructive, of one person; that the defendant could be held liable only for maintaining the tenement used as the hotel; and that what rooms were a part of that tenement was for the jury. *Held*, that the defendant had no ground of exception.

COMPLAINT for keeping and maintaining a common nuisance, to wit, a tenement át Brockton, used for the illegal keeping and illegal sale of intoxicating liquors, from May 1, 1887, to December 9, 1887.

At the trial in the Superior Court, on appeal, evidence was introduced tending to show that the defendant kept a hotel, known as the American House, comprising the whole of the second story of a building situated at the corner of Church Street and Montello Street in Brockton; that the first story, with the exception of entrances leading from the side and rear of the building to the second story, was divided into four rooms adapted for business purposes; that on two occasions before October 7, 1887,

the second story was duly searched and intoxicating liquors were found in one of its rooms; that after October 7 one of the rooms on the first floor, which had been unoccupied up to within a few days of that date, was fitted up as a bar-room, and subsequently intoxicating liquors were there kept and sold by the defendant; that this room was connected with a room in the second story by means of a dumb-waiter; and that intoxicating liquors were sold in such room in the second story, being brought up on the dumb-waiter from the bar-room below.

The defendant requested the judge to rule, that, during the time the bar-room was unoccupied, that room and the second story were separate and distinct tenements, and the evidence offered could be applied to but one of them, and that, if the jury should find that the tenements were so separate and distinct during that time, they should acquit, unless the government should elect upon which tenement it should claim a conviction.

The judge refused so to rule, and instructed the jury as follows: " The government must be confined to the charge made, that of the single offence of keeping one tenement. A tenement may consist of a single room or a series of contiguous rooms, constituting the whole or part of a building, under the actual or constructive occupancy and control of the same person, and used for a common purpose. In the present case the government rely upon the fact of the defendant's keeping a hotel called the American House. That is the only tenement for the use of which the defendant can be held liable in this case. What rooms are a part of that tenement is a question of fact for the jury."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. Brown*, for the defendant.

*A. J. Waterman*, Attorney General, & *H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

KNOWLTON, J. The only tenement for the keeping of which the jury were permitted in this case to hold the defendant liable, was the hotel called the American House. What rooms were included in that tenement was plainly a question of fact for the jury. There was evidence sufficient to warrant a finding that the room below was a part of it. The fact that this room was not used or occupied during a part of the time named in the

complaint was only a circumstance bearing upon the question whether it belonged to the tenement.

The instructions were appropriate to any view of the evidence that the jury might take, and were sufficient.

*Exceptions overruled.*