## COMMONWEALTH *vs.* JOHN LEE.

Essex.    November 7, 1888. — November 27, 1888.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Common Nuisance — Complaint — Variance.*

A complaint on the Pub. Sts. c. 101, §§ 6, 7, alleging that the defendant kept and maintained a "common nuisance, to wit, a building, to wit, a tenement in building" described, charges that the defendant maintained such a nuisance in a tenement in the building described.

COMPLAINT for keeping and maintaining a "common nuisance, to wit, a building, to wit, a tenement in building No. 136, on Essex Street," in Lawrence, used for the illegal keeping and illegal sale of intoxicating liquors.

In the Superior Court, before the jury was impanelled, the defendant moved to quash the complaint, on the ground that "there is not a sufficient description of the place alleged to have been a nuisance, and because the description in such complaint is double, contradictory, and inconsistent." *Sherman,* J., overruled the motion.

At the trial, there was evidence tending to prove the following facts. The building claimed to be kept by the defendant was a single store in a wooden building ten feet in height, with no tenement above the store, situated on the corner of Essex Street and Mill Street in Lawrence. There was a smaller structure immediately in the rear of this building, and numbered on Mill Street, occupied as a store by another person, who was not a tenant of the defendant or in any way connected with him. There was a partition between the stores, but no opening from one to the other; and whether they were built at the same time, or framed together, did not appear. The government contended that both structures constituted a single building. At the close of the evidence, the judge refused to rule, as requested by the defendant, that there was a material variance between the allegations of the complaint and the proof, and to direct a verdict for the defendant. No instructions were asked or given the jury as to the character of the building as a structure.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. S. Knox,* for the defendant.

*H. C. Bliss,* Assistant Attorney General, for the Commonwealth.

FIELD, J. A building wholly occupied by the defendant, and used by him in whole or in part for the illegal keeping or sale of intoxicating liquor, may be described in a complaint under the Pub. Sts. c. 101, §§ 6, 7, as a building, or as a building and tenement, or as a tenement, kept and maintained for these illegal purposes; but a tenement is not necessarily an entire building; it may be a part of a building; and proof that the defendant occupied a part of the building and used it for these illegal purposes, while other persons occupied other parts of the same building, will not support a charge of keeping and maintaining a building, or a building and tenement. *Commonwealth* v.

*McCaughey*, 9 Gray, 296. *Commonwealth* v. *Godley*, 11 Gray, 454. *Commonwealth* v. *Logan*, 12 Gray, 136. *Commonwealth* v. *Shattuck*, 14 Gray, 23. *Commonwealth* v. *Bossidy*, 112 Mass. 277, 278. *Commonwealth* v. *Hersey*, 144 Mass. 297.

The argument is, that the descriptions of "a building," and of "a tenement in building," etc., in the complaint, are inconsistent; because it is said that one means the whole building, and the other a part of the building, and proof of maintaining the latter would not support a charge of maintaining the former.

On the authority of *Commonwealth* v. *Hill*, 14 Gray, 24, we think that this complaint must be considered as charging the defendant with keeping and maintaining a tenement in the building described. The effect of the two videlicets is to render the charge more specific, and as the latter specification is contained in the former, there is not such inconsistency in the complaint as makes it necessary to quash it, but the Commonwealth must be confined to the proof of the offence as defined by the last specification. It was a question for the jury whether the evidence proved that the tenement kept and maintained by the defendant was but a part of the building described in the complaint. Whether a building which contained but one room could be described as a building, to wit, a tenement in a building, or whether a charge of maintaining a tenement in a building could be supported by evidence of maintaining an entire building containing more than one tenement, are questions which seem not to have been decided.

*Exceptions overruled.*