COMMONWEALTH *vs.* THOMAS J. CLYNES.

Bristol.     October 22, 1889. — November 11, 1889.

Present: DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Intoxicating Liquors — Common Nuisance — " Tenement " — Election.*

On a complaint for keeping and maintaining a common nuisance, to wit, a tenement used for the illegal keeping and sale of intoxicating liquors, there was evidence that the defendant occupied and controlled a room in one part of a building as a saloon, and a room in another part as a living room or kitchen, and sold such liquors in both of them. *Held,* that such different uses would not make these rooms distinct tenements, and that the government could not be required to elect in which room the defendant's tenement was.

COMPLAINT for keeping and maintaining a common nuisance, to wit, a tenement at New Bedford, used for the illegal keeping and illegal sale of intoxicating liquors, from April 18, 1889, to April 29, 1889. Trial in the Superior Court, before *Brigham,* C. J., who allowed a bill of exceptions, in substance as follows.

The defendant had a license of the first class, under the Pub. Sts. c. 100, § 10, to sell intoxicating liquors in the front room of the first floor of the building numbered 634 Acushnet Avenue, New Bedford, and lived up stairs with his family. The government offered evidence tending to prove the following facts.

On Sunday, April 28, 1889, a police officer stationed near the house saw numerous men and women at intervals going up stairs on the outside of the rear of the building and into the second story, some of the men who went in sober coming out drunk. Later on the same day, another police officer went up those stairs, and as he arrived near the top he heard loud talking, and some one said, " Take it up stairs." He looked through a window into the kitchen, and saw a number of men standing around a table, who seemed to be catching up some-

thing.  Thereupon, finding the door locked, he knocked and the defendant opened it.  He said to the defendant, " What is all this ? " and upon the defendant making no reply, he went into the kitchen, and as he entered he heard the noise made by a number of persons going down the front stairs.  He then said to the defendant, " What is all this?  Have not you been warned about this Sunday racket?  Why do you not heed it ? "  The defendant replied, " I did for a time, — I wish you would not report this thing to the chief of police."  The officer found in the kitchen, upon entering it, bottles containing intoxicating liquors, and bottles and glasses in which there had been such liquors.

Other officers testified that on several occasions during the time covered by the complaint they had seen persons in the front room of the first floor of the building drinking at the bar, some of whom were drunk and some under the influence of liquor ; and that they were drinking what was apparently beer, and were being waited upon by the defendant.

The defendant asked the judge to require the government to elect in which part of the building the tenement was ; and to rule that the evidence disclosed two separate tenements in the building, one a shop and the other a tenement to live in.  The judge refused these requests.

The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*E. L. Barney*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. C. Bliss*, First Assistant Attorney General, for the Commonwealth.

DEVENS, J.  The word " tenement " in its modern use often signifies such part of a house as is separately occupied by a single person or family, in contradistinction to the whole house. *Commonwealth* v. *Hersey*, 144 Mass. 297.  It may consist of a single room or of contiguous rooms, or of rooms upon different stories, if such rooms are controlled by a single person and are used in connection with each other.  The fact (if it were so) that one of the rooms was occupied and used as a shop, and another for a living room or kitchen, by the same person, would not make these rooms distinct tenements.  *Commonwealth* v. *Buckley*, 147 Mass. 581.  The Commonwealth could not prop-

erly have been required to elect in which one of the rooms occupied by the defendant his tenement was. There was sufficient evidence that the defendant controlled and occupied the kitchen up stairs by the fact that he unlocked it, by the language used by him to the officer, and by the other circumstances testified to.                                *Exceptions overruled.*