INHABITANTS OF EASTHAMPTON *vs.* DAVID HILL.

Hampshire.    September 18, 1894. — October 20, 1894.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*By-law of Town — Penalty — Liability of Owner for Failure to remove Snow from Sidewalk.*

A by-law of a town provided that "the tenant, occupant, and in case there shall be no tenant, the owner, . . . having the care of any land or building fronting on any street . . . where there is a concrete . . . sidewalk, shall after the ceasing to fall of any snow . . . within twenty-four hours cause the same to be removed," or "shall sprinkle thereon sand," etc.; and in default thereof should pay a certain penalty. In an action against the owner to recover the penalty for failure to remove the snow, it appeared that his house was divided into two tenements, one of which was occupied by a tenant and the other was vacant; that the tenant, as tenant, had no control over the vacant tenement and the land in front, and that by an agreement with the owner the tenants were to clear the snow and ice from the sidewalk, and there were no limits fixed as to how much each should clear off. *Held*, that the word "building" in the by-law was sufficient to describe the part of the house which had been vacated by the defendant's tenant, and which at the time when the snow was unremoved was in the care of the defendant as owner; that it was the owner's duty to attend to the sidewalk, and his failure so to do rendered him liable; that the by-law in terms

applied to a person having the care of any land fronting on a street, as well as to the person having the care of the building; and that if one tenement became vacant it was not the duty of the remaining tenant, as tenant, to clear the entire sidewalk.

TORT, under the Pub. Sts. c. 53, § 9, to recover the penalty provided by a by-law of the plaintiff town for failing to remove snow from the sidewalk adjoining the defendant's tenement and land fronting on Pleasant Street in that town.

The by-law is as follows :

" 1st. The tenant, occupant, and, in case there shall be no tenant, the owner, or person, or corporation having the care of any land or building fronting on any street in the village where there is a concrete, stone, brick, or plank sidewalk, shall, after the ceasing to fall of any snow, ice, or sleet, within twenty-four hours cause the same to be removed from such sidewalks, and if the same cannot be wholly removed shall sprinkle thereon sand or other proper substance, so that such sidewalk shall be safe for travel; and in default thereof shall forfeit and pay a penalty of two dollars.

" 2d. The selectmen are hereby instructed to enforce this law in any case of its violation called to their attention, agreeably to section 9 of chapter 53 of the Public Statutes."

Trial in the Superior Court, without a jury, before *Dewey, J.,* who reported the case for the determination of this court, in substance as follows.

The defendant owned about two acres of land in one parcel, upon which were two houses, each used for two tenements, which tenements fronted upon Pleasant Street, and stood about twenty feet back from a concrete sidewalk thereon ; also a single tenement house, standing about one hundred and thirty feet back from the sidewalk, but connected with the street by a driveway and plank walk. The houses were not built as two-tenement houses, but were old-fashioned New England houses, with front door and hall and stairway in the middle, and rooms on each side. With each tenement was a small garden, the remaining land being occupied by the defendant, though not abutting on the street.

One tenement in one of the two-tenement houses was without a tenant from November, 1893, until February 8, 1894, during

which time the defendant had care of the same as owner, but the defendant never cleaned snow and ice from the sidewalk in front of the lot. By understanding and agreement with him the tenants were to do this, and there were no limits fixed as to how much each should clean off. All the other tenements had tenants.

Snow ceased falling on the concrete sidewalk on January 27, 1894. From that part of the sidewalk in front of the vacant tenement and that part crossed by the driveway the snow was not removed within twenty-four hours (or at any time) after the snow had ceased to fall on the sidewalk, though the same could have been removed, and in front of the occupied tenement was removed by the tenant thereof, who declined to remove the snow in front of the vacant tenement. This tenant used the land in the rear of the whole house for a clothes-yard, and for other purposes.

There was evidence that the house in question had one front door and one hall, which door and hall were used in common when both tenements had tenants.

The judge ruled, at the request of the defendant, that upon the evidence the plaintiff could not, under the by-law, recover, and found for the defendant.

If the ruling was correct, judgment was to be entered for the defendant; otherwise there was to be a new trial.

*A. J. Fargo*, for the plaintiff.

*C. N. Clark*, for the defendant.

LATHROP, J. We have no doubt that the word "building," in the by-law of the plaintiff town, is sufficient to describe the part of the house which had been vacated by the defendant's tenant, and which was then in the care of the defendant as owner. If the by-law in question had contained the words "building or tenement," the word "building" might have to be construed as meaning the entire building, in order to give effect to the word, as was held in *Commonwealth* v. *McCaughey*, 9 Gray, 296. But where the word "building" alone is used, it is broad enough to include a tenement. See *Commonwealth* v. *Lee*, 148 Mass. 8; *Commonwealth* v. *Quinlan*, 153 Mass. 483.

The defendant's house was divided into two tenements, one of which was occupied by a tenant, and the other was vacant.

The tenant, as tenant, had no control over the vacant tenement, and it was conceded at the argument that he had no control over the land in front.    It was the owner's duty to attend to the sidewalk ; and his failure to do so renders him liable.    And the by-law in terms applies to a person having the care of any land fronting on a street, as well as to the person having the care of a building.

It is stated in the report, that, by an understanding and agreement with the owner, the tenants were to clear the snow and ice from the sidewalk; and there were no limits fixed as to how much each should clear off.    We do not understand by this that, if one tenement became vacant, it was the duty of the remaining tenant, as tenant, to clear the entire sidewalk.

In *Commonwealth* v. *Watson*, 97 Mass. 562, there were two tenants who occupied separate parts of one estate, and had the sole control of it, the owner being merely a boarder with one of them.    The case differs from the one at bar.

According to the terms of the report, there must be a

*New trial.*