COMMONWEALTH *vs.* CATHERINE MULLEN.

Middlesex.    March 31, 1896. — June 15, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Intoxicating Liquors* — " *Tenement.*"

A two-story building of five rooms, in which a person complained of under Pub. Sts. c. 101, §§ 6, 7, has lived for ten years, which is supported by railroad sleepers, has a chimney built upon the ground, and steps without risers from a door to the ground, is a "tenement" within the meaning of these sections.

COMPLAINT, for keeping and maintaining a tenement for the illegal keeping and sale of intoxicating liquors.

At the trial in the Superior Court, before *Sheldon, J.*, there was evidence tending to show that the building was two stories in height and had five rooms, that the defendant had lived

---

in it for ten years, that it was from seven to ten feet above the ground and rested upon railroad sleepers, which were so arranged in cob-work style as to form six separate supports thereunder, that a chimney rested upon a flat stone lying on the ground, and that there were steps without risers from a door to the ground.

The defendant asked the judge to rule that the government had not shown that the building was a " tenement," within the meaning of Pub. Sts. c. 101, §§ 6, 7, and that there was a variance between the allegation and the evidence. The judge refused so to rule, and the defendant excepted.

The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*H. N. Allin & T. F. Carey*, for the defendant.

*G. A. Sanderson*, Assistant District Attorney, for the Commonwealth.

MORTON, J. The exceptions do not state whether the defendant was or was not the owner in fee of the land on which the building stood. If she was such owner, the building could not be regarded as a fixture, but would pass by deed as a part of the realty, and was therefore, in the strict sense of the word, a tenement, or something which could be holden by tenure.

Even if personal property, it was occupied by the defendant as a dwelling, and in the modern use of the word was properly described as a tenement. *Commonwealth* v. *McCaughey*, 9 Gray, 296. *Commonwealth* v. *Clynes*, 150 Mass. 71. *Dashwood* v. *Ayles*, 16 Q. B. D. 295, 301.

*Exceptions overruled.*