MARY KEARINES *vs.* JOHN F. CULLEN.

Suffolk.    January 13, 1903. — May 21, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Landlord and Tenant.   Evidence*, Admissions.

A tenant at will of one of two tenements, into which a dwelling house one story and a half in height is divided by a partition through the centre, there being a front door to each tenement twenty inches above the ground, is in possession and control of one half of a step six inches above the ground, consisting of a single plank raised on blocks at each end and extending in front of both doors.

The fact that an agent of a landlord repaired and replaced a step leading to the front door of a tenement is not evidence that the landlord retained possession and control of the step, unless it appears that the act of the agent was done under the authority or by the direction of the landlord.

The voluntary making by a landlord of repairs to a step leading to the front door of a tenement is not an admission of a liability to make the repairs.

TORT for personal injuries as stated by the court.   Writ in the Municipal Court of the City of Boston dated July 25, 1901.

On appeal to the Superior Court the case was tried before *Aiken*, J.   At the close of the evidence the defendant asked the judge to rule : 1. That at the time of the happening of the accident the plaintiff was not in the exercise of due care.   2. That at the time of the happening of the accident the defendant was not negligent.   3. That upon all the evidence the plaintiff was not entitled to recover.   The judge refused to give any of these rulings, and the jury returned a verdict for the plaintiff in the sum of $462.50.   The defendant alleged exceptions.

*W. A. Buie,* for the defendant.

*E. E. Reardon & M. F. Phelan,* for the plaintiff.

BRALEY, J.   This is an action of tort for personal injuries suffered by the plaintiff by reason of the giving way of an alleged defective step leading to a tenement in the building owned

by the defendant, and hired and occupied at the time by the plaintiff's husband.

This building was a dwelling-house one story and a half in height, divided into two tenements by a partition through the centre, with a front door to each. These doors were adjoining, but were separated by the partition. The thresholds of the doors, being some twelve inches above the ground level, were approached by a step or tread which was six inches above the level, and consisted of a single plank raised on blocks at each end and extending in front of both doors. There was no rail or other division of the step corresponding with the line of the partition. While using the step which led to her tenement, " the whole step came out and turned right over", and the plaintiff received the injury complained of.

A verdict having been returned in her favor, the defendant excepted to the refusal to give certain rulings requested at the trial. The third ruling asked was, " That upon all the evidence the plaintiff is not entitled to recover", and as this raises the principal question argued by the parties, we proceed to consider it first.

The defendant contends that upon the evidence the step was not an approach " to be used in common by the tenants to the tenement ", but was let with and passed as appurtenant to each tenement, and that he retained no possession of, or control over it.

From the meagre recitals in the bill of exceptions, it does not appear that originally, in hiring the tenement occupied by the plaintiff's husband and herself, anything more took place between him and the owner at the time than the renting of the house, as it then was, at a fixed weekly rental. When the defendant subsequently acquired title to the property, no change as to occupancy had taken place. Both tenements were occupied by tenants, one of whom was the plaintiff's husband. At the time he purchased, the defendant examined the premises, the persons then in possession and occupation became his tenants, and no modification or change of the terms of the original contract appears.

The legal rights of the parties must be determined by the implied contract made between them, under which the plain-

tiff's husband became the tenant at will of the defendant. As such tenant he had the possession and control of the tenement. *Rogers* v. *Coy*, 164 Mass. 391, 392, and cases cited. It was his house, as between him and the defendant, and a necessary part of the house was the step leading to, and making it accessible from, the public way. There was no testimony given at the trial that, at the time when the plaintiff's husband hired the tenement so occupied by him, the owner of the estate, or, when the title passed to him, that the defendant was to maintain and keep in repair the step so used as an approach to each tenement; or that there was any occasion or necessity for persons passing from the highway to either tenement, or for the tenants themselves, in the use and occupation of their respective houses, to use any portion of the plank except so much as formed a step in front of each tenement. In the absence of such an agreement, either express or implied, existing between the landlord and tenant, the former is under no legal obligation to the latter to keep the premises let in repair. *Commonwealth* v. *Watson*, 97 Mass. 562, 563. *Looney* v. *McLean*, 129 Mass. 33. *Mellen* v. *Morrill*, 126 Mass. 545, 546.

It would be going too far to say that taking the premises as the defendant found them and receiving therefor a weekly rental, nothing further appearing, was, under the facts of this case, sufficient to raise an implied agreement that the step was not a part of the premises let. *Marley* v. *Wheelwright*, 172 Mass. 530, 532.

After the plaintiff had been injured, an agent of the defendant, who had charge of the property at the time, repaired and replaced the step, and this evidence is relied on by the plaintiff to show that the defendant retained possession and control of the step. But it nowhere appears in the bill of exceptions that this act of the agent was done by the authority, or at the request or direction, of the defendant, and therefore it cannot be taken as an admission by him either of liability or that at the time of the plaintiff's injury he retained possession of the step.

It would not be an inconsistent view of the evidence to hold that the repairs made to the step were voluntary, and, if so, the fact would not be an admission of liability on the part of the

defendant.   *McKeon* v. *Cutter*, 156 Mass. 296, 298.   *McLean* v. *Fiske Wharf & Warehouse Co.* 158 Mass. 472, 474.

*Readman* v. *Conway*, 126 Mass. 374, relied on by the plaintiff, is to be distinguished from the case at bar.   There were oral leases in that case, and it is said in the opinion: " The evidence was conflicting upon the question whether by the terms of the leases the landlords were to keep in repair the whole of the platform, or each tenant was to keep in repair the part in front of his shop."   Here there is no evidence tending to show such an agreement on the part of any one as to the step.

The step being in the exclusive possession of the plaintiff's husband, as a part of his house, at the time of the accident, the defendant, as landlord, is not liable therefor; and the third request should have been given.

As this disposes of the case, it is not necessary to consider the first and second requests for rulings.

*Exceptions sustained.*