PASQUALE REALE vs. JUDGES OF THE SUPERIOR COURT.

Middlesex.   October 16, 1928. — November 27, 1928.

Present: PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Intoxicating Liquor,* Injunction of use of premises containing nuisance.
*Equity Jurisdiction,* Injunction of use of premises containing nuisance.
*Nuisance.   Constitutional Law,* Police power, Due process of law, Ex
post facto law. *Practice, Civil,* Demurrer, Exceptions.

Section 16A, added to G. L. c. 139 by St. 1928, c. 125, provides for civil
proceedings to abate a nuisance and is not violative of provisions of
the Federal or of the State Constitution prohibiting penal statutes
which are *ex post facto* in their operation.

Such statute and statutory sections which are incorporated therein by
reference are not unconstitutional in that they are "ambiguous and
vague in so far as they fail to specify whether or not the entire build-
ing, place or tenement" is to be closed, "or only such part thereof"
in which the evidence shows the law has been violated.

Such statute is an exercise of the constitutional power of the Common-
wealth to decree that any place maintained for the illegal manufac-
ture or sale of intoxicating liquors shall be deemed a common nuisance
and to make provisions for its abatement without compensation, and
is not a violation of constitutional provisions prohibiting the taking
of property without giving reasonable compensation therefor and
without due process of law.

Said § 16A is not unconstitutional in that it contains no provision for
adequate notice to the owner of the building containing the alleged
nuisance so that he may take proper steps to abate it before the com-
mencement of a suit in equity for that purpose: his constitutional rights
as to due process of law are safeguarded in that he is entitled as of right
to be served with a subpoena at the commencement of the suit and to
be present and heard upon the form and substance of any decree which
shall be ordered or filed in the suit.

At the hearing in this court of exceptions, by a petitioner for a writ of
prohibition to stop proceedings under said § 16A, to the sustaining
of a demurrer to the petition, he contended in effect that said § 16A
operated to raise a cloud on his title to real estate, and it was *held,*
that such contention could not be considered by this court because
it was not presented in the petition as a reason why a writ of pro-
hibition should issue and therefore was not before the court on the
hearing of the demurrer.

PETITION for a writ of prohibition, filed in the Supreme
Judicial Court for the county of Suffolk on August 18, 1928,
and described in the opinion.

The respondents demurred to the petition.    The demurrer was heard by *Crosby*, J., and was sustained.    The petitioner alleged an exception.

Section 16A, added to G. L. c. 139 by St. 1928, c. 125, is as follows:

"SECTION 16A.    Upon a bill in equity brought in the name of the Commonwealth by the Attorney General, or district attorney for the district, or the chief of police, or the board or officer having control of the police of the State, or of a town or city, or by not less than ten legal voters of a town or city, in their own names, stating that a building, place or tenement situated therein is being used for the illegal keeping, sale or manufacture of intoxicating liquors, the Superior Court may abate the same as a common nuisance and may enjoin the person conducting or maintaining the same, and the owner, lessee or agent of the building, place or tenement in or upon which said nuisance exists, and their grantees or assignees, from directly or indirectly maintaining or permitting such nuisance, and, subject to the provisions hereinafter contained, may order the effectual closing of such building, place or tenement, and the prohibition of its use for any purpose for one year thereafter.    Proceedings under this section shall be in the manner provided in sections seven to twelve, inclusive, except that the provisions of section nine regulating the closing of a building, place or tenement and the prohibition of its use for any purpose for one year because of the maintenance of such a nuisance shall not apply, and in lieu thereof the court may include in its decree an order for such closing and prohibition, if it appears that prior thereto and within the preceding three years there shall have been three convictions for the illegal sale, or keeping, or manufacture of intoxicating liquors in or upon the premises on which such building, place or tenement is situated, or three decrees for a permanent injunction enjoining the maintenance of such a nuisance.    A decree for a permanent injunction or abatement shall include an order that a copy thereof shall be posted in a conspicuous place on the building, place or tenement affected thereby, on or near one or more of its principal entrances and that the removal, defacement, erasure or

mutilation of a copy so posted shall be contempt of court. In addition to such posting, a copy of the decree shall be delivered in hand to the person in charge of such building, place or tenement if he may be found upon the premises or to anyone residing therein, and if the decree includes an order for the effectual closing of said building, place or tenement and the prohibition of its use for any purpose for one year, a copy shall be filed forthwith for record in the registry of deeds for the county and registry district within which such building, place or tenement is situated. The provisions of section thirteen shall apply to all persons found in or upon premises used for the illegal sale, or keeping, or manufacture of intoxicating liquors."

*W. R. Scharton*, for the petitioner.

*R. A. Cutter*, Assistant Attorney General, for the respondents.

PIERCE, J. This petition, for a writ of prohibition against the judges of the Superior Court, seeks to restrain further proceedings upon a bill in equity which was brought by the district attorney for the Northern District under the provisions of St. 1928, c. 125, amending G. L. c. 139, by inserting after § 16, the new section, § 16A, set out above.

The bill in equity was brought by the district attorney on August 8, 1928, against the petitioner, who is the owner of certain premises numbered 1, 3, 5, 7, 9, 11, 13 and 15 Joy Street Place and 7 and 9 Joy Street in the City of Somerville, and occupied by the petitioner and other tenants with their families, to close and prohibit the use of said premises for any purpose for a period of one year. An order of notice was made returnable to the equity motion session of the Superior Court, at Boston, on August 13, 1928; a hearing thereon was had before *Qua*, J., who continued the hearing to August 20, 1928.

On August 18, 1928, the petitioner filed this petition for a writ of prohibition against the respondents to prohibit them from proceeding further upon the bill in equity, alleging that St. 1928, c. 125, is unconstitutional because (1) it is a penal statute and an *ex post facto* law; (2) it is ambiguous and vague; (3) it provides for the taking of personal prop-

erty from an owner without compensation, and thus deprives him of his property without due process of law; and (4) it makes no provision for adequate and proper notice to the owner of the building, place or tenement, so that the owner may take proper steps to abate the nuisance of which the complaint is made. The petitioner further sets forth that since he is unable to sue the Commonwealth for any damage caused by reason of illegal confiscation of his property, he would suffer irreparable injury because he has no adequate remedy at law, should the court permit such confiscation. The respondents, appearing through the Attorney General, filed a demurrer to the petition. The case was heard upon the petition and demurrer by a single justice of this court who sustained the demurrer. The case comes here upon exceptions to the ruling of the single justice.

The contention of the petitioner, that the statute above quoted controverts the spirit and intent of art. 1, § 10, of the Constitution of the United States, art. 14 of the Amendments to the Constitution of the United States, and art. 24 of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts, is based upon the argument that said act is a penal statute, and *ex post facto* in its operation, because the provision in the said act for the confiscation of personal property "if it appears that . . . within the preceding three years [before the passage of this act] there shall have been three convictions for the illegal sale, or keeping, or manufacture of intoxicating liquors in or upon the premises on which such building, place or tenement is situated," is unsound, in that it disregards the distinction between punishment of an offender for the crime of maintaining a nuisance and civil proceedings to abate the nuisance, as is pointed out by Mr. Justice Knowlton, and applied by the court, in *Carleton* v. *Rugg*, 149 Mass. 550, to the facts disclosed in a petition under St. 1887, c. 380, § 1, to restrain or abate by injunction a common nuisance.

The purpose of the statute is the prevention of that which is deemed offensive and injurious to the public, and its use is not punitive. Under the national prohibition act (October 28, 1919, c. 85) 41 U. S. Sts. at Large, 305, 314, which is an act

similar to said § 16A, added to G. L. c. 139, by St. 1928, c. 125, the Supreme Court of the United States held that the purpose of § 22 of the Federal act was preventive, and that the acquittal of the owner of the premises for maintaining a nuisance in violation of § 21 thereof was not a bar to proceedings under § 22 to prove that a nuisance in fact existed in the place, and, if proved, to enjoin occupancy of the place for one year or to require a bond of the owner or occupant. *Murphy* v. *United States,* 272 U. S. 630. *Grosfield* v. *United States,* 276 U. S. 494. The provisions of the Constitution of the United States and of the Constitution of the Commonwealth of Massachusetts prohibiting *ex post facto* legislation are not directed against changes in the civil law. *Macallen Co.* v. *Commonwealth,* 264 Mass. 396, 414. *Calder* v. *Bull,* 3 Dall. 386. *Carpenter* v. *Pennsylvania,* 17 How. 456, 463.

The petitioner alleges that St. 1928, c. 125, is unconstitutional, in that the act and sections which are incorporated by reference "are ambiguous and vague in so far as they fail to specify whether or not the entire building, place or tenement or only such part thereof" in which the evidence shows the law has been violated is to be closed; and in this the statute is wanting in due process of law, and is contrary to the Fourteenth Amendment to the Constitution of the United States. The words, "building, place or tenement," in nuisance statutes and in the decisions of this court construing them, have been used for many years. St. 1855, c. 405. Gen. Sts. c. 87, §§ 6, 8, 9. Pub. Sts. c. 101, §§ 6, 8, 9. St. 1887, c. 380. St. 1887, c. 414. St. 1895, c. 419, § 10. R. L. c. 101, §§ 6, 8, 10, 11. St. 1914, c. 624, §§ 1, 6, 8, 11, 12, 13, 14, 15. G. L. c. 139, §§ 4, 9, 14, 16, 17, 19. *Commonwealth* v. *Cogan,* 107 Mass. 212, 214. *Commonwealth* v. *Bossidy,* 112 Mass. 277, 278. *Commonwealth* v. *Patterson,* 153 Mass. 5. *Commonwealth* v. *Quinlan,* 153 Mass. 483, and cases cited. *Commonwealth* v. *Purcell,* 154 Mass. 388. *Commonwealth* v. *Mullen,* 166 Mass. 377. One part of a building may be used in such manner as to make it a nuisance without affecting the legal character of the other part. *Commonwealth* v. *Donovan,* 16 Gray, 18.

A legal variance would result if an indictment charged the keeping of a certain building for the illegal sale and illegal keeping of intoxicating liquor, and the proof was that one of several tenants in the same building occupied and kept that tenement for that purpose. *Commonwealth* v. *McCaughey,* 9 Gray, 296. And a like rule is applicable to proceedings under said § 16A. In the case here presented there is no room for the application of this rule. The amended bill of complaint charges that John Doe is the occupant of said premises and that said premises which "will be hereinafter referred to as the property consist of a building with the land appurtenant thereto." The description covers one building owned by Reale, and not one or more parts of a single building owned or occupied by persons other than him.

The petitioner further contends that said § 16A is void and unconstitutional, in so far as it contemplates and authorizes the taking possession of personal property from the owner thereof, because no provision is made for any reasonable compensation, and the effect of that act is to deprive the petitioner of his property without due process of law. All property is held upon the implied obligation that the use of it by the owner shall not be obnoxious or injurious to the community at large. *Waterloo* v. *Waterloo, Cedar Falls & Northern Railway,* 149 Iowa, 129. It is well settled that it is within the competence of the legislative branch of the government to determine whether a given condition is injurious to the public and should be deemed to be a public nuisance. *Commonwealth* v. *Alger,* 7 Cush. 53, 85. *Opinion of the Justices,* 251 Mass. 569, 597. Legislation providing that certain things are nuisances *per se* is a legitimate exercise of the police power, since it is in the interest of the public health, safety, morals and general welfare. *Train* v. *Boston Disinfecting Co.* 144 Mass. 523, 530. A State has the constitutional power to decree that any place maintained for the illegal manufacture or sale of intoxicating liquors shall be deemed a common nuisance, and to make provisions for its abatement. *Mugler* v. *Kansas,* 123 U. S. 623, 670, 673. The exercise of this power by the State is not within the principles relating to property taken under the right of

eminent domain. *Watertown* v. *Mayo,* 109 Mass. 315, 318. *Mugler* v. *Kansas, supra,* page 668. *Commonwealth* v. *Alger,* 7 Cush. 53, 85, 86. The legislation may provide for the confiscation and destruction of property used in the illegal keeping, sale or manufacture of intoxicating liquors. *Fisher* v. *McGirr,* 1 Gray, 1, 27, 28. *Mugler* v. *Kansas, supra. Kidd* v. *Pearson,* 128 U. S. 1. In *Chase* v. *Proprietors of Revere House,* 232 Mass. 88, 96, it is said: "the decree may under the statute include a forfeiture of the personal property, which the court finds has been used in connection with, and for the purpose of maintaining the place unlawfully." In the instant case the complaint alleges, in substance, that the premises, the property of the petitioner, are being used for the illegal keeping of intoxicating liquors with intent unlawfully to sell the same, and for the illegal sale of intoxicating liquors. A decree for an injunction under such a bill, if issued, would determine that the entire building, and not merely a tenement therein, was used as a common nuisance and would preclude the possibility of the existence of an innocent tenant. *Commonwealth* v. *McCaughey, supra.* The provision in the statute permitting the seizure and sale of personal property used in maintaining the nuisance is for the purpose of paying the expenses of the abatement suit, since by G. L. c. 139, § 10, incorporated by reference in said § 16A, added by St. 1928, c. 125, any balance remaining after payment of these costs is to be returned to the owner.

The petitioner further contends that the statute is unconstitutional because it contains no provision for adequate notice to the owner of the building so that he may take proper steps to abate the nuisance of which complaint is made. It is elemental in the Constitution of the United States and of this Commonwealth that one cannot be deprived of life, liberty, or property without being afforded an opportunity to be heard in the claim against him. *Pizer* v. *Hunt,* 253 Mass. 321. The notice which is required to be given a defendant, under the due process of law clause of the Fourteenth Amendment to the Constitution of the United States, is referable only to the commencement of an action

or suit and to an opportunity to be heard on any material question which shall arise during the prosecution of the action or suit. In a suit to enjoin or abate a public nuisance, due process of law does not require that the owner of the premises upon which the nuisance is shall have notice of the unlawful use of the premises in time to abate such nuisance before the Commonwealth begins proceedings by suit to abate it. The provision of G. L. c. 139, § 9, that if "upon a subsequent hearing the existence of the nuisance shall be established, the court shall enter a decree permanently enjoining the maintenance" of such a nuisance, including in such decree an order of abatement directing the sheriff to enter the building and to sell all movable property used in maintaining the nuisance, in a manner provided; and the provision that if "it shall appear that the bill of complaint was filed five or more days after notice to the record owner of the premises, and that he did not proceed forthwith to enforce his rights under section nineteen, such order of abatement shall further direct the effectual closing of the building," were mandatory, and in terms required the court to "enter a decree permanently enjoining the maintenance" of the nuisance if it appeared at the hearing that the owner has had an opportunity to abate the nuisance. *Chase* v. *Proprietors of Revere House, supra.* The provision of G. L. c. 139, § 9, which authorized the abatement of the nuisance if the bill was filed five or more days after notice to the record owner of the premises, is no longer in force. St. 1928, c. 125. And no provision is expressly made in G. L. c. 139 or in St. 1928, c. 125 for notice of the bill or service of subpoena. Outside of statutory requirements there is no rule requiring notice to or request of a defendant to abate a nuisance before suit is brought to enjoin it. Manifestly the institution of a suit under G. L. c. 139 and St. 1928, c. 125, is controlled by G. L. c. 214, § 7, which provides that "Suits in equity may be commenced by bill or petition with a writ of subpoena." G. L. c. 139, § 8, deals with the issuance of a temporary injunction to abate the nuisance, and provides for "a hearing, after at least two days' notice to the respondents of the time and place assigned therefor." Under St. 1928, c. 125, the

court in its final decree may include an order for the effectual closing of said building for one year but is not required so to do if the owner of the premises shall give a bond with sufficient surety in the amount and upon the conditions prescribed by G. L. c. 139, § 11. It is plain a respondent in a suit brought under G. L. c. 139, and St. 1928, c. 125 is entitled as of right to be present and heard upon the form and substance of any decree which shall be ordered or filed in the suit.

The contention of the petitioner in his brief, that the amended act operates to raise a cloud on his title, was not presented in his petition as a reason why a writ of prohibition should issue. It was not before the court on the hearing of the respondent's demurrer and cannot be considered by this court.

*Exceptions overruled.*