Eno, J.
By this action of tort, the plaintiff seeks to recover from her landlord for personal injuries alleged to have been received because he “negligently and carelessly permitted the plumbing and water pipes of said apartment to become in disrepair, causing the water leaking from the toilet to weaken the ceiling located in the plaintiff’s apartment and that the ceiling fell on and injured the plaintiff, due to the negligence of the defendant.”
The defendant filed a general denial, with a plea of contributory negligence, and a further answer that “if there is negligence as alleged, it is that of someone for whose conduct the defendant is not legally responsible.”
The reported evidence shows that the plaintiff lives, and for the past 10 years had lived, on the first floor of the premises at 121 Locust Street, Winthrop, with her husband; that in 1945 the defendant purchased the premises, consisting of a four-family duplex: that, in 1946 there were *197 two vacancies in the building, one of them being the apartment directly over that of the plaintiff; that in April of 1946 the plaintiff noticed a leak on the kitchen ceiling near the bathroom wall and that a piece of the ldtchen ceiling about two feet square next to the bathroom wall fell; that the plaintiff called the defendant’s attention to it in May when he came to collect the rent and told him it must be fixed, and that he said he would take care of it; that later two men put black abhesive tape over the pipe of the upstairs toilet but that from that time on, every time the upstairs toilet was flushed water leaked down into the plaintiff’s bathroom; that on August 8, 1948, the plaintiff was in her kitchen when a piece of the kitchen ceiling about four feet square fell and struck her on the back of the head and injured her; that about 5 or 6 weeks prior to August 8,1948, the plaintiff and her husband had received a notice to vacate the premises and that sometime subsequent to the date of the accident a Justice of the East Boston District Court found for the defendant for possession of the premises with execution not to issue for six months.
The defendant filed, and the court denied, the following requests for rulings:
(1) That the plaintiff cannot recover on her declaration. (2) That there is no sufficient evidence to warrant a finding for the plaintiff. (3) That there is no sufficient evidence to warrant a finding that the defendant, his agent or servant, was negligent. (6) That there is no sufficient evidence to warrant a finding that the conduct of the defendant was wanton, willful or reckless.
The court, however, allowed the following two requests of the defendant :
(4) That if the plaintiff and/or her husband had received a notice to vacate the premises prior to the *198 date of the accident, the plaintiff and her husband were tenants at sufferance at the time of the accident. (5) That the plaintiff cannot recover in the absence of wanton, willful, or reckless misconduct on the part of the defendant and made the following finding of facts:
“I find that the defendant had notice that the ceiling in the ldtchen of the apartment occupied by the plaintiff and her family was in a dangerous condition; that he willfully refused to repair said dangerous condition; that the plaintiff was not guilty of contributory negligence, and was injured by a part of the ceiling in said kitchen falling down upon her.”
The court, by allowing defendant’s requests numbered 4 and 5 correctly ruled that the plaintiff and her husband had become tenants at sufferance at the time she received her alleged injuries, and that the defendant is only liable for wanton, willful or reckless conduct towards her. Margasian v. Markarian, 288 Mass. 197, 199; Mescall v. Semerset Savings Bank, 305 Mass. 575, 577. See also our opinion in the case of Galjaard v. Day et al., App. Div. Northern Dist. No. 4350.
The trial judge, however, found for the plaintiff on the ground that the defendant “willfully refused to repair said dangerous condition. ’ ’
The first question then before us is whether willfully, refusing to repair a dangerous condition is the same as wanton, willful or reckless misconduct. The Court has defined a wanton and willful act as one done by a person, who “inflicts the injury intentionally or is so utterly indifferent to the right of others that he acts as if such right did not exist.” Wentzell v. Boston Elevated Railway, 230 Mass. 275, 277; Burwick v. Rosenberg, 269 Mass. 21, 25: Coulombe v. Horne Coal Co., 275 Mass. 226, 230.
*199 In the case at bar, the trial judge only found that the defendant “wilfully refused to repair.” That is quite far from finding that he acted “wilfully, wantonly and recklessly.” Any failure to; repair a defect, after knowledge thereof, may be said to be willful, but it is not wanton unless danger to life or property is so obvious or may be readily anticipated. Palmer v. Davidson, 211 Mass. 556; Cohen v. Davies, 305 Mass. 152; Desmond v. Boston Elevated Railway, 319 Mass. 13.
And since some repair was made in said premises after the plaintiff’s complaint, the most that may be inferred from the facts is that they were made negligently. We do not think that failure to repair alone, or repairing negligently, as was done in this case is sufficient to warrant a finding of willful, wanton or reckless misconduct. Nor is there any evidence in any event that the defendant ever agreed to maintain and keep the premises in good repair, in which case he was under no legal obligation to the plaintiff to do so. Commonwealth v. Watson, 97 Mass. 562, 563; Looney v. McLean, 129 Mass. 53; Mellen v. Morrill, 126 Mass. 545, 546; Kearines v. Cullen, 183 Mass. 298; Mackey v. Lonergem, 221 Mass. 296; Fiorntino v. Mason, Tr., 233 Mass. 451; Chelefou v. Springfield Institution for Savings, 297 Mass. 236, 239; Ryerson v. Fall River Philanthropic Burial Society, 315 Mass. 244.
The fact that the defendant made some repairs in the upstairs apartment does not render him liable for negligence. It was a gratuitous act. Conahan v. Fisher, 233 Mass. 234, 238; McKeon v. Cutter, 156 Mass. 296; Kearines v. Cullen, 183 Mass. 398; Hannaford v. Kinne, 199 Mass. 63.
We think therefore that there was prejudicial error in the denial of the defendant’s requests numbered 2 and 6.
Having reached that conclusion, we do not think it *200 necessary to consider the defendant’s first request regarding the plaintiff’s rights to recover on a declaration fox ordinary negligence in a case where she had to prove willful, wanton and reckless misconduct.
The finding for the plaintiff is to be vacated and a new finding is to be entered for the defendant.