BOARD OF TENEMENT HOUSE SUPERVISION OF THE STATE OF NEW JERSEY, RESPONDENT, v. CHARLES BIERMAN, PROSECUTOR.

Submitted December 2, 1915—Decided February 18, 1916.

Paragraph 190 of the Tenement House act (*Comp. Stat., p.* 5351) provides a penalty for the violation of paragraph 183 of the act, namely, a penalty of $100 if such violation be willful, and $25 if such violation be not willful.

On *certiorari,* &c.

Before Justices GARRISON, TRENCHARD and BLACK.

For the prosecutor, *James R. Nugent.*

For the respondent, *Josiah Stryker* and *John W. Wescott,* attorney-general.

The opinion of the court was delivered by

TRENCHARD, J.   This writ of *certiorari* brings up for review the judgment and proceedings in an action in the First District Court of the city of Newark begun by the board of tenement-house supervision of the State of New Jersey to recover a penalty for the violation of paragraph 190 of an act entitled "An act to improve the condition of tenement-houses in this state and to establish a state board of tenement-house supervision," approved March 25th, 1904, in connection with paragraph 183 of the same act.   4 *Comp. Stat., pp.* 5350, 5351.

It appears from the complaint that the defendant was charged with violating paragraph 190 of the act above mentioned, in that on the 25th day of November, 1913, he was the owner of a building located at 129 Arch street, Newark; that such building on that date was a tenement-house, within the meaning of the act, and that on that date a violation of paragraph 183 existed in the house, in that such house, being a building which was constructed as a tenement-house within the meaning of that act, after the 25th day of March, 1904 (that being the day upon which the act became effective), was, on the 25th day of November, 1913, occupied for human habitation, by three families, no certificate having been issued by the state board as required by paragraph 183 of the act.

The judgment in favor of the plaintiff was rendered for the statutory penalty of $100, the violation being found to have been willful.

Of the several reasons assigned for reversal the only one

argued is this, that no penalty is provided by the act for violation of paragraph 183.

We think the contention is without merit.

We are of the opinion that paragraph 190 of the Tenement-House act (*Comp. Stat., p.* 5351) provides a penalty for the violation of paragraph 183 of the act.

Paragraph 183 is as follows:

"No building hereafter constructed as, or altered into, a tenement-house shall be occupied, in whole or in part, for human habitation until the issuance of a certificate by the said board that said building conforms in all respects to the requirements of this act; such certificate shall be issued within ten days after written application therefor, if said building, at the date of said application, shall be entitled thereto."

Paragraph 190 provides that—

"The owner of any tenement-house, or part thereof, or of any building or structure upon the same lot with a tenement-house, or of the said lot, where any violation of this act or a nuisance exists, and any person who shall violate or assist in violating any provision of this act, or any legal notice or order of the said board, shall jointly and severally for each such violation be subject to a penalty of one hundred dollars, if such violation be willful, or to a penalty of twenty-five dollars, if such violation be not willful; such persons shall also be liable for all costs, expenses and disbursements paid or incurred by the said board, or by any of the officers thereof, or by any agent, employee or contractor of the same, in the removal of any such nuisance or violation."

It seems plain from the language of paragraph 190 that it was the intention of the legislature to subject the owner of any tenement-house in which a violation of the act existed to a penalty.

This paragraph also contemplates that, when the board, in addition to enforcing the payment of the penalty provided by the paragraph, shall remove any such violation in a manner that entails expense, the person so subjected to the penalty shall also be liable for such expense.

The language of the paragraph is general, and, without exception, it purports to reach by its provision for a penalty the owner of *any* tenement-house in which *any* violation exists. To say that its provisions were not intended to reach a violation of paragraph 183 of the act is to deny to the paragraph the clear meaning which its language imports.

. The defendant's contention that the penalty fixed in paragraph 190 was not intended to reach a violation of paragraph 183 is founded upon the provision of paragraph 184, which reads as follows:

"If any building hereafter constructed as, or altered into, a tenement-house be occupied, in whole or in part, for human habitation, in violation of the last paragraph, the said premises shall be deemed unfit for human habitation, and the said board shall cause them to be vacated accordingly."

It will be seen, however, that paragraph 184 provides, not the punishment for a violation of paragraph 183, but the method or means of removing the violation.

The violation itself is the unlawful occupancy of a tenement-house, and the punishment for the violation is the penalty provided by paragraph 190, namely, a penalty of $100 if such violation be willful, and $25 if such violation be not willful.

The method of removing or stopping the violation is to cause the house so unlawfully occupied to be vacated.

It is evident that by these provisions it was intended both to penalize the violation and to provide for its removal, and, as we have pointed out, paragraph 190 provides the penalty.

The judgment below will be affirmed, with costs.