HELEN ECKERT, Appellant, v. LOUIS REICHARDT, Respondent.

**Negligence — landlord and tenant — trial — charge — action to recover for injury to tenant from fall of ceiling — plaintiff not chargeable with contributory negligence as matter of law because she went to bed under cracked ceiling which she believed might fall — question for jury — proper refusal to charge.**

Upon the trial of an action to recover for personal injuries alleged to have been received by plaintiff through the fall of the ceiling in a bedroom of her apartment, rented from defendant, where it appeared that the ceiling had been cracked for about a year before the accident and at different times the plaintiff and her husband had notified defendant's agent of its condition, the court properly declined to charge that "if the plaintiff believed that the ceiling in this bedroom was dangerous or liable to fall, she was not at liberty to remain there and then attempt to hold the landlord for damage." The plaintiff cannot be charged with contributory negligence as matter of law because she went to bed under a cracked ceiling although she may have believed that it was liable to or might fall. Under all the circumstances and conditions, this was a question for the jury.

*Eckert* v. *Reichardt*, 215 App. Div. 144, reversed.

(Argued May 7, 1926; decided May 25, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 29, 1926, reversing a judgment in favor of plaintiff entered upon a verdict and granting a new trial.

*George F. Hickey* and *Morris Lavitt* for appellant. The refusal of the trial court to charge as requested on the subject of contributory negligence does not present reversible error. (*Altz* v. *Leiberson*, 233 N. Y. 16; *Frank* v.

*Simon,* 109 App. Div. 38; *Dollard* v. *Roberts,* 130 N. Y. 269; *Kenney* v. *Rhinelander,* 28 App. Div. 246; 163 N. Y. 576; *Brown* v. *Wittner,* 43 App. Div. 135; *Keating* v. *Mott,* 92 App. Div. 156; *Stern* v. *Equitable Trust Co.,* 238 N. Y. 267.)

*William L. O'Brien* and *E. C. Sherwood* for respondent. The refusal of the trial court to charge as requested on the question of contributory negligence presents reversible error. (*Eckert* v. *Reichardt,* 215 App. Div. 144; *Frank* v. *Simon,* 109 App. Div. 38; *Dollard* v. *Roberts,* 130 N. Y. 269; *Barnevo* v. *Munson Steamship Line,* 239 N. Y. 486; *Curry* v. *Rochester R. Co.,* 90 Hun, 230; *Schick* v. *Fleischhauer,* 26 App. Div. 210; *Frank* v. *Mandel,* 76 App. Div. 413; *De Negro* v. *Christman,* 77 Misc. Rep. 147; *Knapp* v. *Barrett,* 216 N. Y. 226; *Stephens* v. *Ely,* 162 N. Y. 79; *Herrman* v. *New England Navigation Co.,* 143 App. Div. 551; *Caboni* v. *Gott,* 149 App. Div. 440; *Burns* v. *Delaware & Hudson Co.,* 110 App. Div. 592; *Gilliland* v. *Delaware & Hudson Co.,* 207 App. Div. 509.)

CRANE, J. The plaintiff, with her husband, a police officer, and their two children, lived in a tenement house, No. 523 East One Hundred and Thirty-eighth street, for a period of about two and one-half years prior to October 22, 1922. The apartment consisted of four rooms and a bath. The rent had been paid in advance covering the date mentioned.

The ceiling of the bedroom had been cracked for a period of about a year before the accident, and at different times the plaintiff and her husband notified the agent of the premises of this condition. Promises were made that the ceiling would be examined, tested and repaired. No one came to inspect it and no repairs were made.

On the date mentioned, while the plaintiff was in bed with her child, a large part of the ceiling fell, causing her injuries for which she recovered damages in this case.

The Appellate Division affirmed the facts on appeal from the judgment, but reversed on the law.

The duty rested upon the defendant, landlord, to keep and maintain the plaintiff's apartment, including the ceiling, in a reasonably safe condition; and after notice, to use reasonable diligence to make necessary repairs. (*Altz* v. *Leiberson*, 233 N. Y. 16.)

Apparently the principal issue tried was the question of notice to the agent. The plaintiff's evidence in this particular was contradicted. We do not, however, fully agree with the appellant that this, with the question of injury, was the only issue for the jury, and that contributory negligence was by reason of concessions removed from the case. A request to charge upon the question of contributory negligence has been the cause of the reversal by the Appellate Division.

The defendant's counsel requested the court to charge: " I respectfully ask your Honor to charge the jury that if the plaintiff believed that the ceiling in this bedroom was dangerous or liable to fall, she was not at liberty to remain there and then attempt to hold the landlord for damage." This the court declined to charge.

We do not think that the plaintiff can be charged with contributory negligence as matter of law, because she went to bed with her child under a cracked ceiling, although she may have believed that the ceiling was liable to fall, or might fall. Under all the circumstances and conditions this was a question for the jury. The nature and size of the apartment, the fact that the law permitted the plaintiff to remain in the apartment, and placed the duty upon the landlord to cure defects, after notice, together with his promise through the agent, to make inspection and repairs, if necessary, must be considered. Likewise, a jury must have in mind the nature of the crack, its size, the portion of the wall in which it was, and whether or not the plaintiff's belief that it might fall also carried to her mind the belief that it

would fall upon her when in bed to such an extent as to cause physical injury. If tenants could be forced out of rooms and apartments in tenement houses by landlords refusing to make repairs, by having visited upon them the rule of contributory negligence as matter of law if they remained, it would in effect nullify to a large extent not only the provisions of the Tenement House Law, but also weaken the enforcement of the so-called Emergency Rent Laws. (*Stern* v. *Equitable Trust Co.*, 238 N. Y. 267.)

That this question of contributory negligence under similar circumstances is one for the jury and not for the court is sustained by the cases. (*Dollard* v. *Roberts*, 130 N. Y. 269, 274; *Frank* v. *Simon*, 109 App. Div. 38, 42; *Kenney* v. *Rhinelander*, 28 App. Div. 246; affd., 163 N. Y. 576.)

The order of the Appellate Division should, therefore, be reversed, and the judgment of the Trial Term affirmed, with costs in this court and in the Appellate Division.

Hiscock, Ch. J., Cardozo, Pound, McLaughlin and Lehman, JJ., concur; Andrews, J., absent.

Ordered accordingly.