FLORENCE S. GRAY, Plaintiff, *v.* CAPITAL CONSTRUCTION COR-PORATION, Defendant.

BENJAMIN F. GRAY, Plaintiff, *v.* CAPITAL CONSTRUCTION COR-PORATION, Defendant.

Municipal Court of New York, Borough of Manhattan, Fifth District, December 13, 1927.

Landlord and tenant — injuries to tenant — defective ceiling in bedroom of apartment — Tenement House Law, § 102, does not relieve tenant from proving freedom from contributory negligence — plaintiffs were guilty of contributory negligence as matter of law by remaining in apartment with knowledge of condition of ceiling — Emergency Rent Laws have no application.

Plaintiffs, whose complaint alleged that defendant land'ord permitted the ceiling in the bedroom of the apartment leased to plaintiffs to remain in a defective condition until it fell injuring them, are not entitled to recover, since, as a matter of law, plaintiffs were guilty of contributory negligence by remaining in the apartment with knowledge of the condition of the ceiling.

While section 102 of the Tenement House Law makes a landlord guilty of negligence for failure, after due notice, to repair a dangerous condition of a tenement house,

there is nothing in that statute which relieves the tenant in an action against a landlord for negligence predicated upon a violation of that section, from proving freedom from contributory negligence.

The Emergency Rent Laws have no application as the plaintiffs do not come within their provisions, for the rent paid for the apartment was more than twenty dollars per room.

MOTION by the defendant to set aside verdicts in favor of the plaintiffs and motions to dismiss the complaints at the close of the defendant's case.

*Israel Ornstein,* for the plaintiffs.

*H. C. Houlihan,* for the defendant.

LAZARUS, J. These are three actions brought by husband and wife to recover damages for personal injuries and for loss of services and medical expenses incurred by the husband, by reason of the negligence of the defendant in permitting the ceiling in the bedroom of the apartment, owned by the defendant and occupied by the plaintiffs as tenants under a written lease, to remain in a defective and dangerous condition, which ceiling later fell causing the injuries complained of.

At the conclusion of the plaintiffs' case and after both sides had rested, motions were made by the defendant to dismiss the complaint herein, on the ground that the plaintiffs had failed to establish a cause of action in that the plaintiffs were guilty of contributory negligence as a matter of law. The court reserved decision on these motions and submitted the cases to the jury for determination, whereupon the jury rendered a verdict for each of the plaintiffs in the personal injury actions for the sum of $100 each, and in the loss of service action the verdict was for the defendant. The court reserved decision to set aside these verdicts.

The question which now arises for determination is whether or not these plaintiffs were guilty of contributory negligence as a matter of law, or whether the question of the negligence of the plaintiffs should have been submitted to the jury as a question of fact.

Section 102 of the Tenement House Law imposes upon the landlord (the defendant herein) the duty to keep in repair all parts of a tenement house, and if he does not do so after due notice of a dangerous condition therein, he is guilty of negligence. There is nothing in the Tenement House Law, however, which relieves a tenant in an action against a landlord for negligence, for violation of section 102 of the Tenement House Law from proving that he was free from contributory negligence. In other words, contributory negligence is still a defense in an action for damages for

Municipal Court of New York, December, 1927.    [Vol. 131

the falling of a ceiling. An obligation is now imposed by reason of the Tenement House Law which would not exist under the common law, but the statute has not changed the law as to contributory negligence on the part of the tenant.

The cases are numerous which hold that where the tenants remain in an apartment with knowledge of the dangerous condition of the ceiling, they are guilty of contributory negligence as a matter of law. (*Kampinsky* v. *Hallo,* 3 Misc. 623; *Schwartz* v. *Apple,* 21 id. 513; *Kabus* v. *Frost,* 50 N. Y. Super. Ct. [18 J. & S.] 72; *Loring* v. *Clark,* 2 City Court, 252, note.)

The plaintiffs in the cases at bar testified that they observed the dangerous condition of the ceiling and notified the landlord thereof; that the landlord told them that he would not repair the ceiling. Can we now excuse the plaintiffs from their negligence in remaining underneath a ceiling which they believed to be in imminent danger of falling, and to allow themselves to remain in the path of danger, or should they have removed from the premises?

The testimony at the trial adduced that the bedroom in question was large enough to permit the removal of the bed from underneath the cracked portion of the ceiling to a place in the room which would not have been underneath the defective portion of the ceiling. Should they not have removed the bed in order to place it in a safe portion of the room?

The cases of *Eckert* v. *Reichardt* (243 N. Y. 72) and *Altz* v. *Leiberson* (233 id. 16) can be distinguished from the cases at bar, inasmuch as the gist of the decisions in those cases was to the effect that the tenants came within the provisions of the Emergency Rent Laws, that an emergency existed and that there was a shortage of apartments which might prevent the tenant from moving from the premises.

In the case at bar the Emergency Rent Laws has no application, as the plaintiffs herein do not come within its provisions, in that the rent paid for the apartment in question was eighty-seven dollars per month for four rooms, or more than twenty dollars per room, and that the tenant could have moved from the premises and claimed a constructive eviction.

The motion of the defendant to set aside the verdicts of the jury is granted, and the motions to dismiss the complaints herein at the end of the defendant's case are granted.