DOROTHY MONOHAN, PLAINTIFF-RESPONDENT, v. JOS-
EPH BAIME, SAMUEL BAIME, ISRAEL BAIME AND
MAX BAIME, INDIVIDUALLY AND TRADING AS PART-
NERS, DEFENDANTS-APPELLANTS.

Argued October 18, 1939—Reargued May 21, 1940—Decided
October 10, 1940.

For the plaintiff-respondent, *Bartholomew & Dwyer* (*Wil-
liam O. H. McEnroe* and *Walter X. Trumbull,* of counsel).

For the defendants-appellants, *Colie & Schenck* (*Frederic
R. Colie* and *Robert W. Kirkman,* of counsel).

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. The defendants-appellants, part-
ners, the owners of premises leased to the F. W. Woolworth
Company situate at 494-6 Clinton avenue, Newark, New
Jersey, appeal from a judgment in favor of the respondent,
who at the time of the accident was employed as a sales girl
by the Woolworth Company. She was severely injured when
a radiator attached to the wall back of where she stood became
detached and struck her. Prior to the occurrence the appel-
lants had leased the premises to the Woolworth Company
under a writing which provided: "It is also agreed by said
Tenant that it will keep up repairs to the interior of such
parts of the building as are occupied by it. Landlord to keep
in repair the exterior parts of the building, including the
roof, conductor pipes, sidewalk, plate glass of show windows
and *heating plant."* (Italics ours.)

This cause was argued at the October, 1939, term of this
court and the judgment under review was affirmed. The

cause was re-argued at this term pursuant to leave granted. At the original presentation there were four grounds of appeal but upon the re-argument two were abandoned and two, only, argued. They are:

1. Error in denying motion for nonsuit.

2. Error in denying motion for a direction of verdict.

The complaint charges the appellants with four specific acts of negligence: (1) improperly constructing and erecting the radiator; (2) permitting the radiator and its supports to be in an unsafe condition, with knowledge and notice thereof; (3) failure to maintain and repair the supports of the radiator; (4) failure to inspect the radiator and its supports.

The answer denied these allegations but admitted ownership and retained possession and control of the exterior and roof of the building for the purpose of making repairs only, *but denied that they reserved and retained control of the heating plant.*

The respondent put in evidence the agreement and lease; limiting its purpose to showing thereby reservation, and control, by the appellants, over the heating plant, including the radiator in question.

There was also testimony of witnesses, produced by the respondent, that, subsequent to the falling of the radiator, repairs were made thereto at the instance and on behalf of the appellants and there were also proofs, to negative this, produced by the appellants. All of this produced a sharp conflict of facts.

There, further, is proof that the construction manager of the Woolworth Company notified appellants that the fall of the radiator was "obviously * * * due to defective workmanship on the part of the party installing the radiator," and proof, which seems to be uncontradicted, that four months prior to the happening the supports had loosened and pulled from the wall into which they had been fastened.

The trial court denied the appellants' motions for nonsuit and directed verdict and submitted to the jury the question of the reservation and control of the heating plant and the radiator in question as was asserted was established by the

terms of the letting, the admissions and denials of the pleadings and proof of subsequent repairs. Upon this theory the cause was tried and submitted to the jury and it found in favor of the respondent.

In this we find there was no error. From the facts tendered and found in this cause there is no trespass upon the holding and principle in *Clyne* v. *Holmes,* 61 *N. J. L.* 358, and kindred cases, as urged by appellants.

The jury apparently found, as a fact, that the control of the heating plant, including the radiator, remained in the appellants thus placing upon them a duty of exercising reasonable care to keep and maintain the same in a manner not to bring harm or injury to those by lawful right, such as respondent, making use of the premises and that they had failed to perform and satisfy such duty.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, PORTER, DEAR, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 10.

*Concur in the result*—HEHER, PERSKIE, JJ. 2.

*For reversal*—CASE, WELLS, JJ. 2.