DANIEL MADAY AND EVA MADAY, RESPONDENTS, v. THE NEW JERSEY TITLE GUARANTEE AND TRUST CO., IN LIQUIDATION, APPELLANT.

Submitted October 7, 1941—Decided December 18, 1941.

Before Justices PARKER, DONGES and COLIE.

For the appellant, *Wilbur A. Stevens.*

For the respondents, *Irving Reiken.*

The opinion of the court was delivered by

PARKER, J.   The plaintiffs, husband and wife, were tenants of an apartment owned by and leased from the defendant, and during the tenancy the female plaintiff was injured by the falling of a section of ceiling in the apartment occupied by them.   The suit was against the landlord for damages based on an alleged promise to repair the ceiling.   The trial was without jury, and the trial judge gave judgment for damages in favor of the wife, the husband taking a voluntary nonsuit.   Only two grounds of appeal are assigned; first, that the court denied a motion for a nonsuit; and, secondly, that the court denied a motion "for a directed verdict" (such is the language of the specification).   Each motion was put upon three grounds: first, that there was no proof of a duty

owed to the plaintiff by the defendant; secondly, that there was no proof of any violation of any such duty; thirdly, contributory negligence.

The facts in regard to the promise to repair may be shortly stated as follows: This couple had been in occupancy of these same premises for about twelve years. There is nothing in the testimony to show the particulars of the contract of letting, but it seems fairly clear that it was not in writing and may have been from year to year or month to month. The precise character of the contract does not seem to be important. The testimony of the wife was in general that some two months before the accident she noticed that the ceiling appeared to be in bad condition and called the attention of the landlord's agent to it and that it ought to be repaired, and that he said it would be repaired. She testified that some such conversation was had both in January and February, and that each time she said to him that if the ceiling was not fixed she was going to move, and that he replied in effect, "Don't move, I am going to fix it." The accident was, according to the allegation in the state of demand, on the 13th of March.

There is a line of decisions beginning with *Clyne* v. *Helmes,* 61 *N. J. L.* 358, and a very recent case is *Eberle* v. *Productive Building and Loan Association,* 119 *Id.* 393, which hold that where there is a contract to make repairs forming part of or supplemental to the contract of letting, no one who is not a party to that contract is entitled to sue for a breach of duty arising out of it, unless the contract is made for his benefit. So if it clearly appeared in this case without contradiction that the letting was a letting exclusively to the husband and that the wife was an occupant of the demised premises simply as a member of his family, a serious question, to say the least, would arise as to whether the breach of a promise to repair, even though supported by consideration, would support an action for damages because of injury resulting to a member of the tenant's family. However, in the present case it is not necessary to consider that point, because on the evidence the trial judge was entitled to find, and we must presume he did find, that the

letting was to both husband and wife, and the wife consequently was a party to that contract of letting. On cross-examination of the female plaintiff, counsel seems to have assumed from the form of the question asked by him that both were tenants; and the defendant's collector was asked on direct examination: "They were then occupying the premises? *A*. Yes, that is right. *Q*. Was there any lease or were they month to month tenants? *A*. I believe they were month to month at that time." Later, on cross-examination he was asked: "And it was in response to Mrs. Maday's complaints that you went upstairs on these occasions that you testified that you went up there, wasn't it? *A*. That is right. *Q*. And you considered Mrs. Maday the party with whom you were dealing? *A*. That is right, common tenant. The court: What is that? The witness: I considered her a common tenant, husband and wife. In all instances the husband goes to work and we go in to see the 'Mrs.' on complaints, repairs and so forth."

We have, therefore, the situation in which the court, sitting without jury, was entitled to find that the letting was to both husband and wife and that the promise was made to the wife as a tenant and in consideration of her agreement not to move out, and consequently was a valid promise, for the breach of which the action would lie.

The question of contributory negligence was raised on the motion for nonsuit and direction, but we think that was a fact question and was for the court to decide sitting in lieu of a jury.

No question seems to have been raised with regard to the authority of the collector to act in behalf of his principal.

These considerations lead to an affirmance of the judgment.