# CHARLES EDELMAN *v.* EFTIA MONOUYDAS

[No. 133, October Term, 1945.]

*Decided May 16, 1946.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, and HENDERSON, JJ.

*Eldridge Hood Young* for the appellant.

*L. Wethered Barroll,* with whom was *Anselm Sodaro* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment of the Court of Common Pleas of Baltimore City in favor of the plaintiff (appellee) against the defendant (appellant) for $1,000. The case was tried before the court and a jury. No objections were taken to the court's oral charge, and the only questions raised are as to the court's refusal to grant the demurrer prayers offered by the defendant, and the court's action in overruling the defendant's motion for a judgment *n. o. v.*

The plaintiff (appellee) was a tenant by the month of the defendant (appellant) of the second and third floors of No. 3 Irvin Place, where she resided with her three daughters and a grandchild. It was testified that in May, and on several occasions thereafter, her daughter Virginia complained to the landlord as to the condition of the windows in the front room on the second floor. These windows were quite large and heavy extending upwards from about five inches above the floor, giving access to a small porch. One of them was in such condition, due to broken sash cords, that it was nailed up by the daughter. The remaining window had one of its cords broken, and the other cord seemed to be thin. It was described in the declaration as "frayed, rotten and

worn." The plaintiff testified that during the first week in August she told the landlord: "If you no fix I am going to move; sometime something happen to my grandchild because the rope is broke"; that the landlord told her: "No move. I will send somebody next week to fix." He testified, on the contrary, that he had no knowledge of the condition of the window until after September 8, 1944, when the accident happened.

On that date the plaintiff attempted to raise the window, in the presence of one of her daughters and a visitor, Mrs. Costello. She pushed the window up partway, where it remained for a "few minutes," and then she apparently attempted to raise it still higher. In doing so, she placed her right foot on the sill to "push up." At this moment the single sash cord broke, and the window fell, striking her instep and fracturing a bone in the foot. She was treated at the Johns Hopkins Hospital, where a cast was applied. On October 25, 1944, the cast was removed and she was instructed to use crutches. She was finally discharged on January 12, 1945, although she still complained of pain in the foot. According to the daughter's version of the accident, the plaintiff had a rag in her hand, intending to wipe or wash the window, at the time that it fell.

The cause of action in this case is based upon the theory that the landlord, after notice and a promise on his part to repair, negligently failed, within a reasonable time, to perform his promise. This theory is supported by the Maryland authorities, although the rule in many other states seems to be to the contrary. See notes 8 *A. L. R.* 765; 68 *A. L. R.* 1194; 91 *Un. of Pa. L. R.* 364. But see *Restatement, Torts,* Vol. 2, Sec. 357. The Maryland rule was announced in *Thompson v. Clemens,* 96 Md. 196, 53 A. 919, 60 L. R. A. 580, although in that case the court found no evidence of negligence because the particular defect causing the injury was not called to the landlord's attention. See also *Pinkerton v. Slocomb,* 126 Md. 665, 95 A. 965. In *Robinson v. Heil,* 128 Md. 645, 653, 98 A. 195, 198, it was said: "An action

(of tort) will lie for the negligent failure of the land-lord to make the repairs agreed upon where it is shown that injury to the tenant has resulted from such failure * * *." In the instant case we think there was legally sufficient evidence of notice, agreement to repair, and unreasonable delay in replacing the sash cords of the window which caused the injury, to take the case to the jury. As stated in *Robinson v. Heil, supra,* 128 Md. at page 654, 98 A. at page 198: "The evidence * * * was legally sufficient to show a clear act of negligence on the part of the landlord beyond the mere breach of the contract to repair."

The main contention of the appellant is that the plaintiff was guilty of contributory negligence as a matter of law. He argues that the plaintiff knew of the danger-ous condition of the window even better than the land-lord, and that her action in placing her foot in the win-dow was a decisive act of negligence on her part. But we think that was an act concerning which the minds of ordinary men might differ. *Campbell & Son v. United Rys. & Electric Co.,* 160 Md. 647, 154 A. 552. It might be inferred from the testimony that she could not have raised the window in any other way. This is not a case in which the plaintiff was under no necessity to use the window until repaired, as in *Thompson v. Clemens, su-pra.* This was the only available window in that room, and her act in attempting to open it for ventilation dur-ing the summer months, if for no other purpose, can hardly be deemed so unreasonable as to constitute neg-ligence *per se.* It is true that she was bound to use due care in opening a window known to be defective. But the evidence is that she did not step on the sill until after the window had been raised part way, and was appar-ently in working order. It was at that moment that the sash cord parted. The danger was not patent, as in *Fulton Building Co. v. Stichel,* 135 Md. 542, 109 A. 434. The appellant attempts to distinguish *Robinson v. Heil, supra,* where the question of contributory negligence was left to the jury, on the ground that there the landlord

told the tenant to walk on the steps that caused the injury, which afforded the only entrance. But we think that case is indistinguishable and controlling. In the case at bar the landlord must have known that the tenant would be compelled to use the window. Yet he urged her to remain on the premises, and induced her to do so by his promise to fix the window "next week." Under the circumstances we do not think it was the duty of the tenant to move, or to repair the window herself, or to forego the use of the only available window. It was her duty to use due care under the circumstances until repairs were effected. Under the facts of this case we think that whether she did so was a question for the jury. *Eckert v. Reichardt,* 243 N. Y. 72, 152 N. E. 469; *Ashman v. Nichols,* 92 Or. 223, 178 P. 234, 180 P. 510; *Maday v. New Jersey Title G. & T. Co.,* 127 N. J. L. 426, 23 A. 2d 178.

*Judgment affirmed, with costs.*