9 N.J. Super. 294 (1950)
76 A.2d 73
ROOSEVELT DANIELS, PLAINTIFF-APPELLANT,
v.
ANDREW BRUNTON, ETC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 9, 1950.
Decided October 30, 1950.
*295 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Louis J. Greenberg argued the cause for the appellant (Mr. Samuel M. Cole, attorney).
*296 Mr. Emil W.A. Schumann argued the cause for the respondent.
The opinion of the court was delivered by BIGELOW, J.A.D.
The defendant Brunton was the owner of a tenement house in Jersey City. The plaintiff, who was related to the tenants of one of the apartments, lived with them there. The water back of a pot stove in the kitchen of the apartment exploded, injuring the plaintiff. He sued for damages, alleging that the explosion resulted from defendant's negligent failure to keep in good repair the water back and the pipes leading to it. His action was dismissed by the court on the ground that the defendant did not appear to have been under any duty in favor of plaintiff.
We may start with the proposition that at common law there is no implied covenant by a lessor that the demised premises are suitable for the use which he is aware is intended by the lessee. Marx v. Standard Oil Co., 6 N.J. Super. 39 (App. Div. 1949). And the landlord, in the absence of covenant, is under no duty to the tenant to make repairs in order to remedy defects that existed when the tenancy began or developed thereafter. Lyon v. Buerman, 70 N.J.L. 620 (Sup. Ct. 1904). If the owner should enter the demised premises during the term of the letting in order to make repairs, he would be a trespasser. Ingwersen v. Rankin, 47 N.J.L. 18 (Sup. Ct. 1885). But a landlord is not wholly exempt from responsibility. He is bound to use reasonable care to keep in proper condition portions of the premises over which he retains control. Siggins v. McGill, 72 N.J.L. 263 (E. & A. 1905). The duty is owed not only to the tenant but to his invitee, such as the plaintiff. Hahner v. Bender, 101 N.J.L. 102 (E. & A. 1924). Usually the parts of the building for which the owner is liable, are not within the rooms that are leased to any tenant and can be inspected and repaired without entering any leased portion of the building. But in Beavens v. Springfield Institute for Savings, 20 N.E.2d 957; 124 A.L.R. 611 (Mass. 1939), it was determined that the landlord was liable for due care in respect to an oil furnace in a part of the building that was leased to the tenant, *297 the furnace being used to heat several stores or apartments. And our former Supreme Court held an owner responsible for the maintenance of a dumb waiter that extended from basement to the top floor, although it could be reached for repairs only through premises of the tenants unless the work could be done from the cellar. Timlan v. Dillworth, 75 N.J.L. 100 (Sup. Ct. 1908); reversed on other grounds, 76 N.J.L. 568 (E. & A. 1908). See also Broame v. N.J. Conference, 83 N.J.L. 621 (E. & A. 1912). It would be entirely consonant with our New Jersey decisions to consider the landlord of a multiple dwelling answerable for the upkeep of piping and wiring of heating, sanitary, water supply and lighting systems serving several tenants. Perhaps we might put it that the owner is responsible for those facilities which he would be unwilling to have the tenants tamper with for fear they might unintentionally put the whole system out of service.
In New York and a few other states, the approach is slightly different. The inquiry is, What part of the building does the owner actually attempt to keep in repair? That part he is held responsible for. To bring this development into harmony with the more general rule, it is considered that in such case he has not given the tenant complete and exclusive control, but has reserved to himself control to the extent of permitting him to make repairs. Antonsen v. Bay Ridge Savings Bank, 54 N.E.2d 338 (1944). See also Edelman v. Monouydas, 47 A.2d 41 (Md. 1946); Noble v. Marx, 81 N.E.2d 40 (N.Y. 1948). The actual making of the repairs is persuasive evidence of a duty. Scudero v. Campbell, 43 N.E.2d 66 (N.Y. 1942). In Dubonowski v. Howard Savings Inst., 124 N.J.L. 368 (E. & A. 1940), there had been proof that the landlord promised to repair a stairway which was used only by plaintiff, and that the landlord had made the repairs after the accident. Our Court of Errors held that the testimony of repairs presented a question for the jury, namely, whether or not the landlord retained control. Compare Rizzi v. Ross, 117 N.J.L. 362 (E. & A. 1936), in which Justice Case said, "It is the duty of an owner to use reasonable *298 care to see that such portions of the general premises of an apartment property as are reserved to him for his care, preservation and repair, are reasonably safe for the use of the tenants and those who are invited to come upon them." In Monohan v. Baime, 125 N.J.L. 280 (E. & A. 1940), the landlord's covenant to keep in repair the heating plant was considered enough to justify a finding that he had retained control of a radiator in the leased store and thus was under a duty to exercise reasonable care for its maintenance.
Thus far we have been considering the problem as if it were untouched by legislation. Our tenement house statute provides that every tenement house, where water mains are in the street, "shall have running water supplied to every water closet, sink and other plumbing fixture contained in such house, and the owner shall provide proper and suitable tanks, pumps or other appliances to receive and distribute an adequate and sufficient supply of such water to each fixture." R.S. 55:8-19. And section 7-1 of the same statute requires that "Every tenement house and all parts thereof shall be placed and maintained in good repair." The section cited does not disclose on whom the duty of repair is placed, but sections 11-2 and 3 impose the duty on the owner of the fee. The first of these sections imposes a penalty on "the owner of any tenement house, or part thereof * * * where any violation of this subtitle, or a nuisance exists." Section 11-3 enacts that "Every joint or several owner of any tenement house shall be jointly and severally liable for any violation of any provision of this subtitle and every lessee of a whole tenement house * * * shall be jointly and severally liable with the owner or owners of the fee." Clearly owner does not mean tenant. Board of Tenement House Sup. v. Bierman, 88 N.J.L. 467 (Sup. Ct. 1916).
There are two conflicting opinions as to the effect of tenement house statutes of this character on the rights of tenants as against their landlord. In New York and Michigan, it is held that provisions of their Tenement House Act, similar to ours, create a duty in favor of the tenant, or his invitee, on which an action against the owner can be maintained for *299 damages arising from his neglect to repair. "We may be sure," wrote the late Justice Cardozo in the leading case on the subject, "that the framers of this statute, when regulating tenement house life, had uppermost in thought the care of those who are unable to care for themselves. The Legislature must have known that unless repairs in the rooms of the poor were made by the landlord, they would not be made by anyone. The duty imposed became commensurate with the need." He cautiously added that before a right of action will accrue to the tenant, there must be notice of the defect and that "the defect itself must be one that has relation to the maintenance of the building as a tenantable habitation." Altz v. Leiberson, 134 N.E. 703 (1922). Massachusetts and some other states take the contrary position that statutes of this sort do not enlarge the landlord's liability to the tenant. Chambers v. Lowe, 169 A. 912 (Conn. 1933); Johnson v. Carter (Iowa 1934), 255 N.W. 865, 93 A.L.R. 774 and Annotation. New Jersey seems nearer to the New York rule than to what we may call the Massachusetts rule. We apply to our Tenement House Act the principle that when the Legislature has by statute established a certain standard of conduct, one of the class for whose protection the statute was enacted, obtains the benefit of the statute in an action for negligence if the breach was the efficient cause of the injury of which he complains. Evers v. Davis, 86 N.J.L. 196 (E. & A. 1914); McNamara v. Mechanics Trust Co., 106 N.J.L. 532 (E. & A. 1930). These cases related, one to a defective fire escape, the other to an unlighted hallway, but the statutory duty imposed on the owner is not limited to any particular section of the statute, or to common facilities, or to one part of the building rather than another. The statute imposes liability on the owner (or lessee of the whole) of a tenement house in which any violation exists, regardless of the part of the building in which the violation occurs. Board of Tenement House Sup. v. Bierman, supra.
In the case at bar, the evidence was such that the jury might have found: The defendant became the owner of the property a few months before the accident. He called at the apartment in question January 1, 1948, to collect the rent. *300 The tenants told him "the stove was making a big noise; we didn't know the reason for it. He said he would fix it." But he failed to do so and on February 1st came the explosion  a severe one. After the explosion, the defendant had another stove and water back installed in the apartment. The explosion occurred because the pipe through which the heated water should have flowed from the water back to the tank or boiler was clogged with rust and sediment, so that the water could not circulate but was held in the water back until it was turned into steam. This would not have happened and the plaintiff would not have been injured unless the defendant had been negligent in keeping the apparatus in operable condition.
The defendant counts heavily on Clyne v. Helmes, 61 N.J.L. 358 (Sup. Ct. 1898), holding that one who is not a party to a contract cannot sue in respect of a breach of duty arising out of the contract. But the case before us is not founded on contract, but on the duty imposed on the land owner both by common law and by statute. In our opinion, the Clyne case is not applicable to the present litigation.
There are questions on which we express no opinion. The statute imposes a penalty on one who owns a tenement house, all parts of which are not maintained in good repair. Does this liability give to the landlord, by implication, the right to enter the apartment of a tenant, at reasonable hours, in order to inspect and repair? Assuming that no such right exists, the owner cannot safely take for granted that the tenant will deny him admission. The landlord must make such effort to keep the building in repair as a reasonably prudent man would make in view of the statute. Evers v. Davis, supra. A tenant who should refuse to allow the landlord to enter could not well complain of a failure to repair. Is constructive notice of a state of disrepair within a leased apartment enough, or must there be actual notice? We need say no more than that a state of facts that would move our ordinarily prudent man to act, is enough.
We conclude that the case should have been submitted to the jury. The judgment will be reversed, but without costs to either party.