WINNIFRED D. BODAY & another *vs.* CLARA THIBAULT & another.

Middlesex.   February 4, 1958. — April 4, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Landlord and Tenant,* Premises let, Control of premises, Common stairway, Landlord's liability to tenant or one having his rights. *Negligence,* Contributory.

Evidence that piazza steps, extending, with the piazza, the full width of the front doors of two adjoining apartments without demarcation assigning any particular part of the steps to either apartment, were actually used in common by the tenants of both apartments, in the absence of evidence of any specific arrangement about the use of the steps with the owner of the premises in the letting of the apartments, warranted a finding that the owner retained control of the steps.  [245]

A finding of breach of the duty of the landlord of an apartment building to the tenant of one of the apartments with respect to common concrete piazza steps in the landlord's control was warranted by evidence

that the steps had been in good condition at the time of the letting of the apartment, that subsequently a crack developed in the tread of one of the steps, and that the landlord had been informed of the crack about a year before the tenant fell and was injured because of it but had made no repairs. [245–246]

In an action by a tenant against her landlord for personal injuries sustained when her shoe became caught in a crack in piazza steps and she fell, the mere fact that she had known of the crack before the accident did not require a ruling as matter of law that she was guilty of contributory negligence. [246]

TORT. Writ in the Superior Court dated July 17, 1952.

The action was tried before *Beaudreau*, J.

*Joseph J. Walsh*, for the defendants.

*John C. Collins*, for the plaintiffs.

CUTTER, J. In this action of tort Mrs. Boday seeks to recover for personal injuries, and her husband seeks consequential damages, resulting from her falling on steps in front of a house owned by the defendants. The jury returned verdicts for the plaintiffs. The case is before us on the defendants' exceptions to the denial of their motions for directed verdicts. The facts, in their aspect most favorable to the plaintiffs, are set out below.

At the time of the injury in 1952, the plaintiffs occupied as tenants the middle apartment of three duplex apartments in a house on Pine Street, Waltham. Each apartment had a separate front door. The doors were side by side. In front of the door to the plaintiffs' apartment and the door to the apartment to the left of it, as one faces the house from Pine Street, were a single piazza and three wide concrete steps, each extending the whole width of the two doors and a little further in each direction. There was no dividing fence or other demarcation indicating that any particular part of the steps belonged to either apartment. The steps were approached by a hardtop extension of the sidewalk. The portion of the porch in front of the plaintiffs' door and apartment was wholly screened in, whereas the portion in front of the apartment to the left was not screened. The plaintiffs alone used the screened in portion of the porch. The tenants of the apartment to the left and the plaintiffs in

good weather sat out on the steps and on occasions used all parts of them for access to their respective apartments.

The accident occurred as Mrs. Boday was leaving her apartment with her two year old child and a real estate man to look at some real estate. "She came out on the piazza and stepped down on the first top step . . . turned . . . and picked up her . . . boy . . . stepped down onto the second step" and then put one foot on the bottom step. Her other foot caught in a crack on the second step and she was thrown to the ground and injured.

In 1945 or 1946, when the plaintiffs hired the premises, the steps were in good condition. In the course of time Mrs. Boday noticed a crack growing in the tread of the second step, which gradually was chipped away and became uneven. One of the defendants was told about it a year before the accident but no repairs were made prior to the accident.

1. There was evidence that these steps were in fact used in common by the plaintiffs and the tenants of the neighboring apartment. There was no evidence of any specific arrangement with the defendants at the time of the letting about the use of the steps. Accordingly, whether the steps were a part of the premises let to the plaintiffs, or remained in the control of the defendants, was a question for the jury. *Conroy* v. *Maxwell*, 248 Mass. 92, 97. See *Dreher* v. *Bedford Realty, Inc.* 335 Mass. 385, 389–390. *Kearines* v. *Cullen*, 183 Mass. 298, dealing with a single plank step in front of two apartment doors is distinguishable on the ground, stated in that opinion, that there was no occasion for the occupants of one apartment to use the portion of the plank in front of the other. Here the absence of a division line made natural the use of the whole of the steps by the occupants of each apartment, so that the question of whether the steps were a common stairway remained an issue of fact. Compare also *Minkkinen* v. *Nyman*, 325 Mass. 92, 94.

2. The jury were warranted in finding that the defendants had knowledge that the steps had fallen into disrepair after

the original letting and had failed to use reasonable care to keep the steps in as good a condition as they appeared to be at the time of the letting. *Gill* v. *Jakstas*, 325 Mass. 309, 312. See *Sneckner* v. *Feingold*, 314 Mass. 613, 614; *Mc-Collum* v. *United Markets, Inc.* 323 Mass. 32, 34; *Stedfast* v. *Rebon Realty Co. Inc.* 333 Mass. 348, 350. The evidence that the defendants had knowledge of the crack about a year before the accident and did nothing, together with descriptions and photographs of the steps, constituted a sufficient basis for the jury's finding in this respect.

3. Mrs. Boday is not to be charged with contributory negligence as a matter of law merely because, prior to the accident, she had knowledge of the crack in which her shoe became caught. This knowledge was evidence of her contributory negligence but it did not require a finding of such negligence. *Spencer* v. *Bartfield*, 334 Mass. 667, 668.

*Exceptions overruled.*