THERESA WHALEN and JOHN J. WAHLEN, JR., her husband, Plaintiffs, v. CARL W. ZOLPER and MARION M. ZOLPER, his wife, Defendants.

(*February* 27, 1959.)

STIFTEL, J., sitting.

*Wilfred J. Smith, Jr.,* and *Frank J. Gentile, Jr.,* for plaintiffs.

*John P. Sinclair* (of Berl, Potter and Anderson) for defendants.

Superior Court for New Castle County, No. 277, Civil Action, 1957.

STIFTEL, J.:

Motion by defendants for summary judgment pursuant to Superior Court Rule 56, *Del. C. Ann.*

This action is based on personal injury arising out of an accident which occurred on March 19, 1957. The defendants owned a three-story apartment building, with an apartment on each floor, at 1409 Harrison Street, in the City of Wilmington. The plaintiff, Theresa Whalen, lived in the third floor apartment with the other plaintiff, her husband, together with their two children. A railing that ran the width of a porch separated the property of the defendants from the property next door, at 1411 Harrison Street, which was not owned by the defendants. There were three cement steps immediately below the entrance to the porch, which were used in common by the occupants of 1409 and 1411 Harrison Street, and these steps led down to a landing, at the end of which there were four additional stone steps which led to the sidewalk at street level. The defendants, the lessors, lived in a building owned by them at 1407 Harrison Street. An alley separated the two properties owned by the defendants.

In the early morning of March 19, 1957, it snowed. During the day the snow melted. As it melted, the water dripped from the common roof onto the common porch below. The roof was a slanted tin roof with a lip to catch water and then carry the water to a drain pipe leading to the ground below. The roof structure had not been changed or repaired since the property was purchased five years prior to this time.

Late in the afternoon or early in the evening it became colder, ice formed on the porch as a result of water dripping from the roof. However, when Mr. Whalen returned from work about six in the evening, he crossed the porch with no difficulty and he did not notice any ice or water on the porch. Approxi-

mately one hour and a half later, at about 7:30 P.M., Mrs. Whalen left her third floor apartment on her way to the drugstore to purchase medicine for her young child, who was slightly ill. She was wearing flat shoes and rubber boots and holding a pocketbook with her left hand. No light was lit on the porch in front of the apartment house in which she lived, but there was a bright light on the front porch of the property next door at 1411 Harrison Street. Mrs. Whalen saw the ice on the porch and when she reached for a metal handrail that ran waist-high next to the steps down to the landing, she slipped on the ice and fell down the three-step flight of stairs to the landing and was injured.

Mrs. Whalen and her husband had been aware for some time that after a snowfall water dripped from the roof onto the edge of the porch.

At one time, defendants employed a person to clean the stairway and porches, but when this employee became aged, he was discharged and defendants assumed his duties. In fact, the defendant Mrs. Zolper had cleared the walk and the porch steps on the morning of the accident.

The nub of the fault alleged by the complaint is the defective condition of the roof over the porch which resulted in the formation of ice on the porch from the melting snow and ice on the roof.

The parties agree that the porch and steps were used in common by the tenants of the defendants' apartment house and that they remained in possession and control of the landlords.

The authorities in this country on the question of whether or not there is a duty on the part of the landlord who has rented a building to several tenants to remove natural accumulations of ice or snow in certain areas such as on porches and steps used in common are not in harmony. The cases on the subject are collected in 25 *A. L. R.* 1273; 39 *A. L. R.* 294; 58 *A. L. R.* 1411; 75 *A. L. R.* 154; 97 *A. L. R.* 220, and more recently, in 26 *A. L. R.*

2d 610. From an examination of certain treatises and of the cases cited in the above *A. L. R.* notes, it appears that the authorities are primarily divided between the common-law Massachusetts rule and the so-called Connecticut rule. *Durkin v. Lewitz,* 3 *Ill. App.* 2d 481, 123 *N. E.* 2d 151, 155, 156. The Massachusetts rule holds that the relation of landlord and tenant does not impose upon the landlord a duty to remove from common areas under his control ice or snow naturally accumulating there. *Bell. v. Siegel,* 242 *Mass.* 380, 136 *N. E.* 109, 25 *A. L. R.* 1261; *Woods v. Naumkeag Steam Cotton Co.,* 134 *Mass.* 357; 2 *Stevenson in the Atlantic States* (1954 ed.), Sec. 513. The Connecticut rule as stated in *Reardon v. Shimelman,* 102 *Conn.* 383, 128 *A.* 705, 707, 39 *A. L. R.* 287, imposes upon the landlord a liability for injuries due to the accumulation of ice or snow, provided he knew or ought to have known of the existence of the dangerous condition existing and failed to exercise reasonable care to provide against the injury because of it. The landlord has the duty to use reasonable care to see to it that the premises are kept safe. *Sheehan v. Sette,* 130 *Conn.* 295, 33 *A.* 2d 327, 328.

The basic difference between the two rules is that under the Massachusetts line of cases, an adherence to the common-law conception of the duty of a landlord is followed, and snow and ice are understood to be temporary obstructions for which a landlord is not held liable, and the Connecticut line of cases follows the more modern approach requiring the landlord to use reasonable care with respect to premises used in common, including the removal of ice and snow. *Durkin v. Lewitz, supra,* 123 *N. E.* 2d at page 156.

The complaint alleges and plaintiffs admitted in argument that the defendants were negligent in one respect only, namely, that they permitted a defective condition of the roof to exist over the porch which caused water to fall from the roof and accumulate on the porch at the top of the front steps whenever it rained or snowed.

No Delaware case decides the landlord's responsibility to his tenant for the removal of natural accumulations of ice or snow

from common passageways. *Massey v. Worth,* 9 *W. W. Harr.* 211, 197 *A.* 673, decides that a property owner has no obligation to the general public to clear sidewalks adjoining his premises of natural accumulations of ice or snow.

There is no present necessity for this Court to choose a rule pertaining to the duty of the landlord in respect to the removal of natural accumulations of ice and snow in areas used in common by tenants, because the record discloses that the accumulation was not natural but artificial.

Even in jurisdictions which do not permit recovery for the landlord's failure to remove the natural accumulations of ice or snow, recovery is generally allowed when accumulations result from artificial causes. *Durkin v. Lewitz, supra,* 123 *N. E.* 2d at page 157; *Rosenberg v. Chapman National Bank,* 126 *Me.* 403, 139 *A.* 82, 58 *A. L. R.* 1405; Annotation 26 *A. L. R.* 2d 610, 620, 642.

This Court already has recognized that the nonliability rule may not apply to property owners in their relations with the general public if the snow and ice had accumulated on a sidewalk through artificial means. Thus, in *Massey v. Worth,* 197 *A.* at page 675, the Court explained:

"An abutting owner or occupant of property may, therefore, be liable at common law for injuries caused by his own wrongful act in accumulating snow or ice upon a sidewalk adjoining his premises [cases cited].

"He may, also, be liable for injuries caused by an artificial discharge of water from his premises to the sidewalk at a time when it would naturally freeze and make such sidewalk slippery and dangerous for public travel [cases cited]."

The defendants had the possession and control of the roof over the common porch. The deposition of the defendants indicates they were well aware that water was discharged onto the porch.

If it should be proved at the trial that a truly defective roof existed on the date of the accident and that it had been in existence prior to the accident with the full knowledge of the defendants, then the defective condition of the roof may have imposed a duty on the defendants to use due care to see that the porch which it had provided for use by its tenants was reasonably safe for the use intended.

The defendants must show that they are entitled to judgment as a matter of law and that there is no genuine issue as to any material fact before the plaintiffs are required to supply contradicting evidence. The evidence adduced by the defendants is insufficient to entitle them to judgment on the record.

Defendants next argue that the injured plaintiff was contributorily negligent as a matter of law because she saw the ice on the porch before she stepped on it. Defendants claim, therefore, that the use of the porch in its icy condition by the plaintiff was negligence *per se.*

The facts demonstrate that the injured plaintiff was wearing rubber boots over flat shoes at the time of the accident. It can be inferred that this porch was the only available exit to the street from the injured plaintiff's third floor apartment. Apparently, the ice ran the length of the porch so that it was impossible to cross any part of the edge of the porch without the necessity of negotiating ice. Even if ice did not extend the length of the porch, the law should not require plaintiff to jump over the porch railing in an attempt to avoid the ice. Nor should the plaintiff be forced to return to her third floor apartment to sit patiently until the ice melted. *Strong v. Shefveland,* 249 *Minn.* 59, 81 *N. W.* 2d 247; *Edelman v. Monouydas,* 186 *Md.* 479, 47 *A.* 2d 41.

The record implies that for practical purposes, the front door passageway was the only reasonable means of ingress and egress available to the plaintiffs. The question of contributory negligence depends upon the reasonableness of the injured

plaintiff's action under all the circumstances. The question of reasonable necessity is one of the many factors that the jury may consider in determining whether action of plaintiff was reasonable under the circumstances and amounts to due care. *McKenzie v. Egge*, 207 *Md.* 1, 113 *A.* 2d 95; *Restatement*, Torts, Section 473. It would be unreasonable to expect that she would forego all use of the porch.

■ The plaintiff, of course, was bound to use due care in crossing the ice and descending the steps, but she is not to be charged with contributory negligence as a matter of law merely because, prior to the accident, she had seen the ice. This knowledge is evidence of her contributory negligence but does not require this Court to find as a matter of law a finding of such negligence. *Boday v. Thibault*, 337 *Mass.* 243, 149 *N. E.* 2d 136; Annotation 26 *A. L. R.* 2d 610, 631.

The defendants have not clearly demonstrated from the record that they are entitled to judgment as a matter of law. The present motion for summary judgment, for the reasons already explained, must be denied.