**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2467-23

RYAN VAN NOSTRAND,

    Plaintiff-Respondent/
    Cross-Appellant,

v.

SOFIA VAN NOSTRAND, a/k/a
SOFIA WEIGLE,

    Defendant-Appellant/
    Cross-Respondent.

_____

Submitted December 9, 2025 – Decided December 18, 2025

Before Judges Sumners and Chase.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FM-20-0719-20.

Appellant/Cross-Respondent has not filed a brief.

Saminski Fuller Family Law, attorneys for respondent/cross-appellant (Siobhan M. Fuller-McConnell, on the brief).

PER CURIAM

In this post-judgement matrimonial matter, plaintiff Ryan Van Nostrand cross-appeals from a February 15, 2024 order denying his motion to find defendant, Sofia Van Nostrand, in violation of their marital settlement agreement ("MSA") and awarding counsel fees. We vacate and remand for further proceedings.

I.

The parties were divorced in 2021 after a thirteen-year marriage and negotiated an MSA. In pertinent part, the MSA required that the parties share legal custody of their two children; the children would attend school in the Scotch Plains School District; they would give each other three months' notice of a move; and they would attend mediation or abide by a court order if there was no agreement on a move. Further, they agreed that if a party defaulted on any provision of the agreement, the non-defaulting party would be entitled to counsel fees.

In January of 2022, defendant gave timely notice regarding her intent to relocate. The parties discussed which town defendant should consider moving to that would be suitable for her work commute and would not greatly affect

2

plaintiff's parenting time. As a result, the parties agreed in writing that the children would be enrolled in the Watchung Hills School District.

Based on this agreement, plaintiff bought a house in Watchung. Subsequently, defendant mentioned that she was considering moving elsewhere, and plaintiff offered to register the children in the Watchung School District. Defendant then informed plaintiff that she was moving to Tewksbury, twenty-five miles away. Plaintiff objected as he was concerned the move would cause substantial changes to his parenting time.

Plaintiff filed an order to show cause to enjoin and restrain defendant from moving to Tewksbury. Plaintiff's order to show cause was denied as non-emergent and the matter was transferred to the motion calendar.

Defendant then filed a cross-motion to: deny plaintiff's motion in its entirety; modify the MSA with regards to parenting time; establish a revised parenting time schedule; recalculate child support based on the modified schedule; schedule a plenary hearing; appoint a neutral expert to conduct a best interest analysis in advance of the plenary hearing; and order plaintiff to reimburse defendant for counsel fees.

The court directed the parties to attend mediation to determine where the children would attend school for the 2022-2023 school year. After mediation

failed, an order was entered, directing the parties to submit to a best interest evaluation, setting a plenary hearing date and a discovery schedule, and directing submissions for the limited issue of where the children would temporarily attend school for the 2022-2023 school year. On August 29, 2022, the court held that temporarily, the children would attend school in the Tewksbury School District and ordered that a full plenary hearing would occur in December.

In January 2023, another order was entered scheduling the plenary hearing. In February, the expert psychologist's report determining the best interest of the children was filed subject to a protective order. Defendant then filed an order to show cause claiming that plaintiff violated the protective order by sharing contents of the psychologist's report with the children and therefore, plaintiff's custody and parenting time should be suspended. Plaintiff opposed the order, claiming that he did not directly address the contents of the report with the children. In response, the court ordered counseling for the children, an interview with the children, and an updated psychologist's report. The parties were again sent to mediation.

At the end of 2023, another case management hearing occurred in front of a different court. While addressing the status of parenting time and school

district choice, plaintiff's counsel stated that plaintiff felt as though he had "no choice but to accept [the psychologist's recommendation] because at this point he's not willing to try to force the children to change school districts again," but that he was seeking a court order that defendant violated the MSA and award counsel fees to ensure that she did not move farther in the future. Defendant also raised other post-judgment issues. Both parties were informed to file formal motions.

As a result, plaintiff filed a motion for a re-calculation for child support; an adjudication that defendant violated the MSA; and enforcement of the MSA as it related to life insurance, student loans, and an award of counsel fees and costs. Defendant filed a cross-motion seeking a calculation of child support and a finding that plaintiff violated litigant's rights by failing to abide by the protective order.

On February 15, 2024, a hearing was held in front of yet another court who entered an order denying plaintiff's motion to find defendant in violation of the MSA for moving, granting plaintiff's motion to find defendant in violation of litigant's rights for failing to provide proof of two life insurance policies, and denying defendant's cross-motion to find plaintiff in violation of litigant's rights for failing to adhere to the protective order. The court declined to award counsel

A-2467-23

fees to either party stating that it was "unconvinced that either party acted in bad faith."

Defendant appealed. Plaintiff filed a cross-appeal. Defendant's appeal was dismissed due to brief deficiencies that were never corrected leaving only the cross-appeal for our review.

II.

Ordinarily, we defer to the Family Court's factual findings, as long as they are supported by substantial credible evidence in the record. N.J. Div. of Youth & Fam. Servs. v. L.L., 201 N.J. 210, 226 (2010); N.J. Div. of Youth & Fam. Servs. v. M.M., 189 N.J. 261, 279 (2007). We accord such deference "because [the Family Court] has the superior ability to gauge the credibility of the witnesses who testify before it and because it possesses special expertise in matters related to the family." N.J. Div. of Youth & Fam. Servs. v. F.M., 211 N.J. 420, 448 (2012). "Where the issue to be decided is an 'alleged error in the trial judge's evaluation of the underlying facts and the implications to be drawn therefrom,' we expand the scope of our review." N.J. Div. of Youth & Fam. Servs. v. G.L., 191 N.J. 596, 605 (2007) (quoting In re Guardianship of J.T., 269 N.J. Super. 172, 188-89 (App. Div. 1993)). We also accord no deference to the trial court's legal conclusions, which we review de novo. State v. Smith, 212

A-2467-23

N.J. 365, 387 (2012); <u>see also</u> <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995).

Plaintiff asserts the last court erred in concluding the temporary order permitting attendance at the Tewksbury School District absolved defendant of responsibility under the MSA. The parties' MSA mandates that:

> In the event that either party should move, they will provide the other Parent at least 3 months' notice of same, at which time the Parent will discuss the move, including the impact on parenting time, so that they can come to an amicable resolution regarding the same. If they are unable to resolve it between themselves, they will use the services of a mediator prior to filing a Motion with the court.

After defendant unilaterally determined to move the children out of the Scotch Plains School District, the parties agreed in writing that the children would attend school in the Watchung School District. Plaintiff then purchased a home in Watchung. Defendant, however, decided to move to Tewksbury.

After the parties failed to come to a resolution in mediation, the court provided a temporary solution regarding where the children would attend school. At that hearing, the court noted:

> Whatever way I rule, do not think that I have made up my mind. I do not want either party thinking I won, looks like he's gonna rule in my favor in December, so, therefore, you know, good for me, bad for you. I do not

7

want anyone thinking that that is what is happening here today[.]

. . . .

While the plaintiff's argument may have merit that the defendant violated the MSA, the [c]ourt will, at this time, will need a full plenary hearing to determine if that is the case and to do a full analysis as to what the appropriate action to be taken.

Throughout litigation, defendant's potential violation of the MSA through this move was brought up and then scheduled for a plenary at a later date. However, contrary to the trial court's findings, that later date never came. As the school year went on, new litigation between the parties arose.

In a December 2023 hearing, the issue of where the children would attend school was addressed when plaintiff's counsel admitted that there was no need for a full plenary hearing as plaintiff did not want the children to be faced with another major change. However, plaintiff still wanted a hearing to determine if defendant violated the MSA and if he was entitled to respective counsel fees so that defendant would be deterred from moving further away.

At the February hearing, the court did not allow plaintiff's counsel to address defendant's move being an MSA violation, as it believed that this was "the subject of two court orders." This was incorrect, as the previous courts had

never addressed this issue, but had only addressed where the children would temporarily attend school.

Since the trial court had an erroneous understanding of the procedural history regarding this alleged violation of the MSA and utilized this misguided understanding in making the determination that defendant did not violate the MSA, it mistakenly exercised its discretion. We therefore remand this matter for the court to determine if defendant violated the MSA by moving to Tewksbury.

III.

Plaintiff also contends that the trial court erred in denying counsel fees for violations of the MSA. "[A] decision to award counsel fees 'rests within the sound discretion of the trial court.'" Wear v. Selective Ins. Co., 455 N.J. Super. 440, 459 (App. Div. 2018) (quoting Maudsley v. State, 357 N.J. Super. 560, 590 (App. Div. 2003)). We afford trial courts "considerable latitude in resolving fee applications." Grow Co. v. Chokshi, 424 N.J. Super. 357, 367 (App. Div. 2012). We "will disturb a trial court's award of counsel fees 'only on the rarest of occasions, and then only because of a clear abuse of discretion.'" Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009) (quoting Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001)); see also Strahan v. Strahan, 402

N.J. Super. 298, 317 (App. Div. 2008). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Although "'the law grants particular leniency to agreements made in the domestic arena' and vests 'judges greater discretion when interpreting such agreements[,]'" Quinn v. Quinn, 225 N.J. 34, 45-46 (2016) (quoting Pacifico v. Pacifico, 190 N.J. 258, 266 (2007)), where changes occur that were not "contemplated by the parties[,]" the court was required to "implement 'the common intention of the parties[,]' and 'enforce [the MSA] as written,'" id. at 46 (first alteration in original) (first quoting Tessmar v. Grosner, 23 N.J. 193, 201 (1957); and then quoting Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 43 (1960)).

We have previously held that a court's failure to give effect to a counsel fees award provision in a matrimonial settlement agreement constitutes an abuse of discretion. In Strahan, we determined the trial court erred by awarding attorney's fees to the defendant in a matrimonial action where the pre-nuptial agreement provided that each party was "responsible for their own respective attorney's fees." 402 N.J. Super. at 317.

The court has already determined that defendant violated the MSA by failing to comply with provisions regarding life insurance. In denying plaintiff's request for counsel fees and costs, the court mistakenly exercised its discretion in casting aside the parties' agreement and not giving effect to the parties' intentions as expressed in the MSA.

On remand, after the court considers if defendant violated the MSA by moving without permission, it can determine plaintiff's entitlement to counsel's fees in accordance with the MSA, Rule 4:42-9(a) and Rule 5:3-5(c).

Vacated and remanded for proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

11                                                        A-2467-23